■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS ROBINSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County (McNab, J.), rendered June 1, 1983, convicting him of burglary in the third degree, grand larceny in the second degree and criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The trial court did not err in denying defendant's motion for a new trial based upon newly discovered evidence. The new evidence consisted only of a statement by a witness which was inconsistent with his trial testimony. Generally, evidence which merely impeaches or contradicts former evidence does not justify ordering a new trial (CPL 330.30 [3]; *People v Salemi,* 309 NY 208, *cert denied* 350 US 950). Furthermore, the change in testimony was not of such significance as would probably have changed the outcome of the trial (CPL 330.30 [3]; *People v Salemi, supra).*

Although the trial court erred in restricting defendant's cross-examination of the witness Novotny *(see, Davis v Alaska,* 415 US 308), we have determined that this error was harmless beyond a reasonable doubt and thus does not require reversal *(see, People v Crimmins,* 36 NY2d 230). Defendant sought to bring out in this cross-examination the fact that defendant had previously participated in an investigation and had given testimony which resulted in the conviction and incarceration of Novotny's brother, resulting in bias against defendant on Novotny's part. These events were explored fully during defendant's direct testimony and were discussed extensively in the summation of defense counsel. Since the jury received a full presentation of the facts tending to prove that Novotny was biased, there is no reasonable possibility that the court's erroneous ruling contributed to the conviction *(see, People v Malizia,* 62 NY2d 755, *cert denied* — US —, 105 S Ct 327; *People v Dengler,* 109 AD2d 847).

The evidence adduced at trial was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that

defendant was guilty of the crimes charged *(see, People v Contes,* 60 NY2d 620). Since defendant's own admissions were introduced as direct evidence of his participation in the crimes, there was no reason to apply the rigorous standard by which purely circumstantial cases are tested *(see, People v Licitra,* 47 NY2d 554).

Finally, we do not find any reason to disturb the sentence of from 1 to 3 years' imprisonment, which we find to be appropriate under the circumstances *(see, People v Suitte,* 90 AD2d 80). Gibbons, J. P., Bracken, Rubin and Kunzeman, JJ., concur.