■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QEMAL BOJKU, Appellant.—Judgment, Supreme Court, Bronx County (Jerome Hornblass, J., at jury trial and sentence), rendered December 17, 1985, which convicted defendant of attempted murder in the second degree and sentenced him to an indeterminate term of imprisonment of from 4 to 12 years, unanimously affirmed.

Defendant did not demonstrate an adequate factual basis to support the claim that the court improperly restricted cross-examination of the complainant. Defendant sought to elicit testimony that he had been present in the complainant's home nine years earlier, when officers interviewed the complainant in connection with the murder of a victim who had last been seen with the complainant. Although counsel, during his offer of proof, suggested that defendant may have brought the officers to the complainant's home, there was an inadequate factual basis to admit the evidence and permit the jury to speculate that defendant's presence could have made the complainant a biased witness, testifying against defendant out of revenge or hostility. Thus, there was no violation of defendant's right to confront witnesses against him, under *Davis v Alaska* (415 US 308 [1974]). The offer of proof for the line of questioning sought to be pursued was much less substantial than that found in *People v Robinson* (116 AD2d 748 [2d Dept 1986]). There the defendant was precluded from cross-examining a witness with respect to the fact that the defendant had previously participated in an investigation and given testimony resulting in the conviction and incarceration of the witness's brother.

Given the facts before the trial court in the instant case, it cannot be said that it abused its discretion in restricting cross-examination to preclude the jury from unwarranted speculation *(People v Schwartzman,* 24 NY2d 241 [1969], *cert denied* 396 US 846). We also reject defendant's argument that the prosecutor, during summation, improperly implied that defendant failed to call a witness to substantiate his alibi defense. The record does not support the claim that the jury would

have been led to believe that defendant had the burden to call the witness or for finding that the jury may have drawn an adverse inference from his failure to do so. In any event, defense counsel objected to the prosecutor's remark and the court gave a curative instruction to the jurors. No further objection was heard from defendant and, consequently, the issue has not been preserved for our review (CPL 470.05 [2]). The curative instruction presumably neutralized any error by the prosecutor and defendant may not now, for the first time, complain that it was inadequate.

Last, defendant has not shown that the court abused its sentencing discretion. Concur—Sullivan, J. P., Ross, Carro, Milonas and Rosenberger, JJ.