■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID REED, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.),

rendered April 4, 1985, convicting him of sodomy in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the evidence was sufficient to support the jury's verdict that the defendant forced the complaining witness to engage in deviate sexual intercourse with him (see, Penal Law §§ 130.50, 130.00 [2]; People v Contes, 60 NY2d 620, 621). Although there were inconsistencies in the testimony of some of the People's witnesses, questions regarding the credibility of witnesses are for the jury to resolve (see, People v Malizia, 62 NY2d 755, cert denied 469 US 932). Moreover, the testimony given by the six-year-old victim concerning the crime was consistent throughout two days of testimony.

Additionally, we find that the unsworn testimony of the victim was amply corroborated, inter alia, by the testimony of his brother (see, CPL 60.20 [2], [3]). The brother testified that immediately prior to the crime, he was with the victim and the defendant in a room which they all shared, when the defendant opened the button and pulled down the zipper of his pants, ordered the victim's brother out of the room, and prevented the victim, who was then crying, from leaving the room. The testimony by the victim's brother and aunt that the victim reported the crime to them within minutes of its occurrence, and that the defendant fled the premises shortly thereafter, provided further corroboration of the victim's unsworn testimony.

The defendant's contentions that he was deprived of a fair trial by the misconduct of the prosecutor are either unpreserved for review or without merit. Thompson, J. P., Niehoff, Rubin and Eiber, JJ., concur.