■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSE HERNANDEZ, Appellant.— Judgment of conviction rendered on May 17, 1968, after trial to a jury, modified on the law to reverse conviction of the count of assault, third degree, and otherwise affirmed. We treat here only of those points considered in the dissent, the others raised having no merit whatever. It is true that *Bruton* v. *United States* (391 U. S. 123, decided post this trial and made retroactive by *Roberts* v. *Russell,* 392 U. S. 293) would have mandated separate trials of appellant and his codefendant Perez on a proper application. But, even after *Bruton,* the defendants could have waived its application and, as a strategic gambit, decided to be tried jointly. We believe such a choice to have been made and that, appellant, not having had his strategy turn out successfully, may not now be heard to complain. The statements of the defendants were virtually identical, claiming accident, the only difference being as to which one held the gun. It is not "apparent that Perez was acquitted on the basis of this conflict" nor "that the discrepancy in the two statements substantially contributed to the verdict against appellant." The jury's careful exercise of discrimination derived from the testimony of the victim's companion — the sole eyewitness — that appellant aimed the gun that shot and crippled the victim. That the choice of joint trial was deliberate does not derive alone from omission by experienced trial counsel to move for severance. *Bruton's* pronouncements, except in constitutional aspect, are not new to New York law, for severance of trials where one defendant's statement implicates another to his prejudice has long been mandated by many cases, of which the most familiar is *People* v. *Feolo* (282 N. Y. 276). The relief was available on proper application, and the motion was not made. The other point is that the court erred in submitting both second and third degrees of assault to the jury, of both of which appellant was convicted. This was error, but not prejudicial. This case is not similar to either *People* v. *Brown* (32 A D 2d 760) or *People* v. *Boddie* (28 A D 2d 724) wherein the evidence might have sustained either degree of assault. There actually was no evidence here to sustain the misdemeanor conviction, for the only proof of intent derives from the pointing of the gun, and that is consistent only with intent to use a weapon capable of inflicting grievous bodily harm, and for that purpose alone. There is no question of alternative submission of the two degrees; third degree assault should not have been submitted at all, and the conviction therefor should be vacated. As to prejudice in submission of both, the shoe is on the other foot, for the submission gave appellant a misdemeanor escape valve, had the jury been inclined to select it in preference to the felony count. And, in any event, there would have been no difference in sentence. Concur — Eager, P. J., Capozzoli, McGivern and Markewich, JJ.; Nunez, J., dissents in the following memorandum: I dissent and vote to reverse the conviction and order a new trial for the following reasons: First, appellant's constitutional right to confrontation, *Bruton* v. *United States* (391 U. S. 123 [1968]), made retroactive by *Roberts* v. *Russell* (392 U. S. 293 [1968]), was violated by the introduction of his codefendant's (Perez) statement through the testimony of Detective Filazzola at this joint trial. While appellant testified, his codefendant did not. Appellant was convicted of the more serious charges of assault in the second and third degree. Perez was acquitted on the assault charges. Detective Filazzola

also testified to a statement made by appellant. And while both statements were consistent with regard to the claim of accident, they conflicted vividly on the vital issue of who was holding the rifle at the time of its discharge. Each claimed in his statement that the other was holding the rifle. It is apparent that Perez was acquitted on the basis of this conflict. There seems to be little doubt, therefore, that the discrepancy in the two statements substantially contributed to the verdict against appellant. Appellant's argument that use of his codefendant's statement impelled him to testify in a manner prejudicial to himself is well taken. Although no motion for a severance was made, it cannot be said that the violation constituted harmless error. (Cf. *Chapman* v. *California*, 386 U. S. 18.) The *Bruton* doctrine not having been announced at the time of trial, it cannot be reasonably said that the joint trial may have been a conscious strategic choice on the part of the appellant. It should be noted that in *Bruton* no motion for a severance was made. Where a change in Federal constitutional law is to be applied retroactively, the failure of counsel to move for a severance or to object to the use of the codefendant's statement, cannot bar defendant from now asserting this right. (*O'Connor* v. *Ohio*, 385 U. S. 92; *People* v. *Bailey*, 21 N Y 2d 588, 597–598.) In my view, if the *Bruton* doctrine has any significance at all, this conviction must be reversed. Second, the court erred in failing to require the jury to elect between assault in the third degree and assault in the second degree. The court should have instructed the jury that assault in the third degree is one not specified in §§ 240 and 242 of the Penal Law which define assault in the first and second degrees. Consequently, assault in the third degree is mutually exclusive of the other degrees. The jury's verdict finding appellant guilty of assaults in the second and third degree was contradictory. As in *People* v. *Brown* (32 A D 2d 760 [1st Dept., 1969]): " The trial court erred in submitting both counts to the jury with instructions that they could find defendant guilty of one or the other or both. The charge should have been in the alternative." Assault in the third degree is inconsistent with the finding of guilty of assault in the second degree. Failure to submit the assault counts in the alternative resulted in manifest prejudice to appellant requiring reversal.