THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT M. ROSATI, Appellant.— Appeal by defendant from a judgment of the County

Court, Suffolk County, rendered April 29, 1970, convicting him of attempted robbery in the first degree, attempted grand larceny in the second degree and unauthorized use of a motor vehicle, upon a jury verdict, and sentencing him to three concurrent terms of probation for a period of five years. On this appeal we have also reviewed the trial court's denial of defendant's application for youthful offender treatment. Judgment reversed, on the law, and new trial ordered. In this case, over objection, a witness was permitted to testify that the complainant had on two separate occasions told him that defendant was the man who had "held me up". The trial court instructed the jury that this testimony was received merely to show that such a conversation had taken place. However, such an instruction cannot overcome the fact that the testimony, in practical effect, was an improper method of bolstering identification testimony. The rule enunciated in *People* v. *Trowbridge* (305 N. Y. 471) is that a witness' identification testimony cannot be bolstered by another witness' testimony of the former's previous identification. In this case the proof of guilt was very close and the jury was out for 11 hours. Under such circumstances the error may not be disregarded as benign. The *Trowbridge* rule has not been changed by the adoption of the Criminal Procedure Law (see CPL 60.25 and the Practice Commentary thereon by Professor Denzer in McKinney's Cons. Laws of N. Y., Book 11A, CPL 1 to 169, p. 241). Defendant's application for youthful offender treatment was denied even though the District Attorney's office had recommended that such treatment be afforded. Whether a defendant before the court shall be afforded youthful offender treatment depends upon all the facts and circumstances in the case. Here the trial court's exercise of discretion in denying this defendant youthful offender treatment was not abused. Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.