■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BARLETTE, Appellant. — Appeal from a judgment of the County Court of Schenec-

tady County (Stroebel, Jr., J.), rendered June 13, 1980, convicting defendant upon his plea of guilty of the crime of robbery in the second degree. Defendant, 17 years of age, was charged in three separate indictments with (1) robbery, first degree, robbery, second degree, grand larceny, third degree; (2) robbery, first degree, robbery, second degree, grand larceny, third degree; and (3) robbery, first degree, criminal possession of a weapon, second degree, and petit larceny. Pursuant to a plea bargain, he pleaded guilty to one count of robbery, second degree, in full satisfaction of all charges, was denied youthful offender status, and received a sentence of two to six years imprisonment. The sole contention upon this appeal is that the trial court abused its discretion in failing to afford defendant youthful offender adjudication solely because the prosecutor failed to so recommend. We disagree. CPL 720.10 does not require a recommendation by a District Attorney before youthful offender adjudication may be made. The sentencing court did state "the Youthful Offender recommendation in a case such as this must come from the District Attorney's Office, and they have not seen fit to do so, and also because of the Robbery conviction here there is a mandatory sentence." This was obviously erroneous. However, the court went on to say: "So I really don't have too much to say about it. This was a very bad thing, Ronald. If it had happened once, I could see it, but here's three robberies, and that we can't put up with." The well-recognized rule is that such adjudication rests within the sound discretion of the court and depends upon all of the facts and circumstances in the case *(People v Rosati,* 39 AD2d 592, 593). It is not an abuse of discretion to reject the recommendation of the District Attorney. Here, the plea bargain resulted in a reduction from eight felonies and one misdemeanor. It was implicit in the words "here's three robberies, and that we can't put up with", that the court would not, in its discretion, grant youthful offender adjudication whether or not recommended by the prosecutor. Moreover, "when the conviction as the result of a plea of guilty to a lesser crime is the product of plea negotiation, a defendant, as a matter of policy, should be held to his bargain" *(People v Santiago,* 51 AD2d 1, 7-8; see, also, *People v Drayton,* 47 AD2d 952, 957, n 1). Judgment affirmed. Mahoney, P. J., Sweeney, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.