■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY L. HAYES, Appellant.—Main, J. Appeal from a judgment of the County Court of Fulton County (Best, J.), rendered February 7, 1984, convicting defendant upon his plea of guilty of the crime of attempted burglary in the third degree.

Defendant was charged with the crimes of burglary in the third degree and possession of burglar's tools. Pursuant to a plea bargain, he pleaded guilty to attempted burglary in the third degree, a class E felony, in full satisfaction of the charges against him and was to be sentenced to 1 to 3 years' imprisonment. Thereafter, County Court denied defendant youthful offender status and sentenced him in accordance with the plea bargain.

We affirm. First, defendant charges County Court with abusing its discretion by not treating him as a youthful offender. The granting of youthful offender status rests entirely with the court's discretion and depends upon the facts of each individual case (CPL 720.20 [1] [a]; see, People v Massa, 93 AD2d 926, 927). Among the factors to be considered are the recommendations made in presentence reports, the defendant's attitude toward society and respect for the law, and his prospects for rehabilitation (People v Cruickshank, 105 AD2d 325, 334). Here, while the presentence report does not contain any specific recommendation as to youthful offender treatment, it does recommend that defendant be sentenced to a period of incarceration and notes that, "[i]n discussing the present offense, the defendant showed little remorse for his actions". Such being the case, we find no abuse of discretion on the part of County Court and do not disturb its denial of youthful offender treatment (see, People v Massa, supra). Moreover, since the issue of youthful offender status was left entirely to the court's discretion and since defendant had no right to such status (see, People v Drayton, 39 NY2d 580, 584), any alleged failure on his counsel's part to demand such status during plea bargaining does not, contrary to defen-

dant's assertion, amount to the ineffective assistance of counsel.

Finally, we find equally unpersuasive defendant's argument that the sentence imposed upon him was harsh and excessive. We perceive no abuse of discretion in the imposition of the sentence, which was within the statutory limits and in strict compliance with the plea bargain.

Judgment affirmed. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.