Judgment reversed, on the law, and new trial ordered. The findings of fact have been considered and determined to have been established.

The trial court erred in denying the defense counsel's several requests to charge that the People must disprove the defendant's alibi beyond a reasonable doubt. Such an instruction is an important element of any charge on the issue of alibi. The trial court must unequivocally convey this burden of proof to the jury *(see, e.g., People v Victor,* 62 NY2d 374).

In addition, the court's charge on interested witnesses was unbalanced in that it stressed the application of that rule to the defense witnesses without any mention of the People's witnesses to whom it might have also applied *(cf. People v Gadsden,* 80 AD2d 508).

In view of the prejudicial effect of these errors, the defendant is entitled to a new trial. Lawrence, J. P., Eiber, Kunzeman and Kooper, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FABRIZIO BARBARAN, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered May 19, 1983, convicting him of murder in the

second degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On March 20, 1982, the defendant, acting with two others, attempted to rob the Nesconset Shell Station in Smithtown, New York. During the course of the commission of this robbery, Richard Berger, an innocent bystander, was shot in the head by one of the perpetrators. He subsequently died as a result of the bullet wound. The defendant and his accomplices were tried jointly, and the defendant was convicted of murder in the second degree (felony murder) and attempted robbery in the first degree.

On appeal, the defendant maintains that he was denied effective assistance of counsel because his attorney was not present when the hearing court heard oral argument on a codefendant's motion to renew or reargue a prior motion to dismiss the indictment. We find this contention meritless. It is clear from the record that not only was the defendant's attorney present when the hearing court rendered its decision on the motion, he was also afforded an opportunity to address the court on behalf of his client, and notably declined to do so. "Even under the most liberal standard for gauging whether effective assistance [of counsel] has been rendered, a defendant must demonstrate that [the acts or omissions of his attorney] blotted out a substantial defense which 'resulted in actual and substantial disadvantage to the course of his defense' " *(People v Morris,* 100 AD2d 630, 631, *affd* 64 NY2d 803). Under these circumstances, we are unable to perceive how the defendant suffered any prejudice whatsoever as a result of his attorney's brief absence. The motion in question was pertinent only to the particular theory of defense asserted by one of his codefendants. Thus, the defendant was not deprived of meaningful representation *(People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137).

Nor do we find merit to the defendant's argument that there was an impermissible amendment to the indictment with regard to a material element of the crime charged by virtue of the trial court's instructions to the jury. The indictment charged the defendant with attempting to rob Richard Berger and with causing Berger's death in the course of the commission of the attempted robbery. However, with respect to the felony murder count, the trial court instructed the jury that in order to find the defendant guilty, it must find that he attempted to steal property from the Nesconset Shell Station, Richard Berger and Michael Albanese. This portion of the

charge did not constructively amend the indictment with regard to a material element of the crime charged. Thus, the defendant was not deprived of fair notice of the charges against him. The crime charged by the trial court was unquestionably the same criminal transaction for which the Grand Jury intended to indict the defendant *(see, e.g., People v Ganett,* 51 NY2d 991). With the exception of the addition of two more victims, the nature of the crime as well as the underlying facts thereof were all the same *(see, People v Spann,* 56 NY2d 469).

The defendant also contends on appeal that he was deprived of a fair trial because he was jointly tried with his codefendants, who presented defenses which were antagonistic to his own. Although the severance issue was discussed during both the pretrial hearing and the trial by the codefendants' counsel, the defendant never sought a severance on his own behalf, which obviously was a deliberate strategic choice. The defendant "not having had his strategy turn out successfully, may not now be heard to complain" *(People v Hernandez,* 33 AD2d 747, *affd* 28 NY2d 522). Having failed to move for a severance, the defendant waived the issue of the propriety of the joint trial, and it may not now serve as a basis for reversal *(see, People v Downs,* 77 AD2d 740).

We have examined the defendant's remaining contentions and find them to be either unpreserved or without merit. We note that there is nothing in the record warranting a modification of the sentence imposed by the trial court. Mangano, J. P., Thompson, Brown and Weinstein, JJ., concur.