■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVALE GRIFFIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (O'Brien, J.), rendered October 30, 1985, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant Griffin and his codefendant, Derek Dorsey, were charged under indictment No. 588/84 with robbery in the first degree for the gunpoint robbery of the complainant, Christopher McEachem, during which $80 and a pair of eyeglasses were taken. Additionally, the codefendant was separately indicted under indictment No. 629/84 for the subse-

quent robbery of McEachem's jewelry. Both incidents occurred within a few seconds of each other on the evening of January 26, 1984 in the Rockaway Avenue subway station in Brooklyn.

Immediately prior to the trial of the defendant and his codefendant on the charges under the first indictment, the codefendant withdrew his previous opposition to the People's motion for consolidation of the two indictments and, in fact, urged joinder. Consequently, the motion for consolidation was granted over the objection of the defendant's counsel. On appeal, the defendant claims that he was denied a fair trial by virtue of the joinder of the two indictments; however, our review of the record reveals that this contention is without merit.

CPL 200.40 (2) provides that "[w]hen two or more defendants are charged in separate indictments with an offense or offenses but could have been so charged in a single indictment under subdivision one above, the court may, upon application of the people, order that such indictments be consolidated and the charges be heard in a single trial". Pursuant to CPL 200.40 (1) (c), two defendants may be jointly charged in a single indictment where "all the offenses charged are based upon the same criminal transaction as that term is defined in subdivision two of section 40.10" and, under CPL 40.10 (2), the term "criminal transaction" is defined as "conduct which establishes at least one offense, and which is comprised of two or more or a group of acts either (a) so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident".

In order to determine whether or not two acts are part of the same criminal transaction, the court must look at the nature of the crime, as well as the underlying facts (i.e., victim, time, place and date) (see, People v Spann, 56 NY2d 469; People v Barbaran, 118 AD2d 578, lv denied 67 NY2d 1050). In the instant case, the robbery of McEachem's jewelry (the subject of the indictment against the codefendant alone) was committed against the same victim, in exactly the same place, on the same date, and, according to credible testimony in the record, occurred "just a matter of seconds" after, the initial robbery of the complainant's money and eyeglasses (the subject of the indictment against both defendant Griffin and his codefendant). Immediately following the codefendant's subsequent robbery of McEachem's jewelry, the defendant returned to the station with Dorsey and threatened McEachem not to tell anyone about the incident. Thus, the evidence adduced at trial could not support any reasonable view of this

incident other than as a single criminal transaction as defined in CPL 40.10 (2) (a), and the two indictments were properly joinable under CPL 200.40.

Since it is well settled that consolidation of indictments is permissible unless a joint trial would so prejudice a defendant as to deny him a fair trial (see, People v Grant, 96 AD2d 867; People v Haynes, 88 AD2d 1070), there is no reason to disturb the instant conviction as no indication exists in the record that this defendant suffered any prejudice from the consolidation. Moreover, once the trial court made the decision to join the indictments, it took every precaution to avoid prejudice to the defendant by specifically instructing the jury on several occasions that the subsequent jewelry robbery did not involve the defendant Griffin. Bracken, J. P., Kunzeman, Spatt and Sullivan, JJ., concur.