■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GINO PRATO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), entered June 27, 1984, convicting him of robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, People v Contes, 60 NY2d 620). The testimony adduced at trial established that the defendant and an accomplice entered the Chez Price restaurant in Brooklyn, displayed and threatened to use a .38 caliber gun, and removed currency from the cash register. We find no merit to the defendant's contention that the prosecution failed to establish the crime of robbery in the first degree because it failed to produce the owner of the restaurant at trial. To sustain a conviction for that crime the People are required to prove only that the defendant forcibly stole property from a person with a superior right to possession than the defendant (see, People v Hutchinson, 56 NY2d 868, 869; People v Brown, 108 AD2d 922, 923; Penal Law § 160.15 [4]; § 155.00 [5]). Pierre Charles, who testified to the forcible taking at trial, was an employee of the restaurant who had a right of possession to the money in the cash register superior to that of the defendant who had no right of possession whatsoever (see, People v Brown, 108 AD2d 922, 923, supra).

Turning to the defendant's claim of error with respect to the court's charge to the jury, no objection was raised at trial and, therefore, the claim of error is not preserved for appellate review (CPL 470.05 [2]; see also, People v Charleston, 56 NY2d 886). At any rate, we find that the trial court's instructions to the jury did not constitute an impermissible amendment of the indictment with respect to a material element of the crime charged (see, People v Spann, 56 NY2d 469, 473; People v Barbaran, 118 AD2d 578, lv denied 67 NY2d 1050). The indictment charged the defendant with forcibly stealing currency from one Jean LeRoy. At trial, the People established that the defendant and an accomplice took money from the cash register at the Chez Price restaurant at gunpoint. Although LeRoy did not testify at trial, Pierre Charles, an employee of the restaurant, testified that LeRoy was the owner of the restaurant at the time of the crime. Consequently, after reading the language of the indictment, the court instructed the jury that in order to find the defendant guilty of robbery in the first degree, they must find that he "stole property from the restaurant, and that the restaurant was an owner thereof". The court's instruction did not alter the facts underlying the indictment, inject a new element, expand or change the theory of the prosecution, or alter a

factual allegation *(see, People v Spann,* 56 NY2d 469, 473, *supra; People v Barbaran,* 118 AD2d 578, *supra).*

We find no basis on this record to disturb the determination of the hearing court denying that branch of the defendant's omnibus motion which was to suppress the showup identification testimony of the two eyewitnesses. Based upon the description given the police by the two eyewitnesses, the defendant was apprehended within a few blocks of the restaurant and within 15 minutes to a half hour after he had fled the scene of the crime. Within minutes of the defendant's apprehension, the witnesses arrived and immediately identified him as the second participant in the robbery without any prompting or other improper comments by the police *(see, People v Kennerly,* 117 AD2d 624, 625, *lv denied* 67 NY2d 945). The prompt showup was "productive of the most reliable identification" of the defendant *(People v Veal,* 106 AD2d 418, 419).

We find that the sentence was not excessive *(see, People v Suitte,* 90 AD2d 80, 83). We have considered the defendant's remaining contentions and find them to be without merit. Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.