■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK CRUZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered June 3, 1987, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

On the night of September 18, 1985, the defendant, his codefendant and three others, brandishing knives and a screwdriver, allegedly robbed Ranganathan Varadarajan of approximately $200 and Moun Paneerselvam of his wallet and some currency on a street in Queens. About a week later, Varadarajan saw the defendant, the codefendant and another on the street, and reported their sighting to a nearby police station. Police Officers Susan McConnell and James Stevenson drove around with the complainant, found the defendant and the codefendant, and arrested them.

Under indictment No. 4753/85 the defendant and his codefendant were charged with robbery in the first degree for stealing money from Varadarajan (count one) and a wallet from Paneerselvam (count two) and threatening them with knives. Count three charged them with robbery in the second degree, in that each aiding and abetting the other, and actually present, forcibly stole money from Varadarajan, while count four made the same charge with respect to the theft of the wallet from Paneerselvam.

The jury returned a verdict of guilty as to counts one and three, and acquitted the defendants on counts two and four.

On appeal, the defendant submits that the trial court erred in permitting the prosecution to elicit from the complainant Varadarajan the details of a postindictment conversation he had had with the codefendant at a gasoline station, which allegedly implicated Cruz, in excluding the testimony of the codefendant's mother, which purportedly would have exculpated him, and in permitting a "repugnant verdict" to stand. The defendant further argues that the arresting police officers

improperly testified to Varadarajan's agitation, which error was exacerbated by the prosecutor's remarks on summation, and that they improperly "bolstered" Varadarajan's identification testimony. He finally contends that the sentencing court erred in denying him youthful offender status, and that the sentence imposed was excessive.

The defendant's contentions are without merit.

The defendant failed to object to Varadarajan's testimony that in a postindictment conversation with the codefendant, the latter asked the complainant to "give us a break," and indicated that "we" had spent all the stolen money. This issue is therefore unpreserved for appellate review (CPL 470.05 [2]). In any event, the "we" on its face referred to the codefendant and his brother, who the codefendant alleged was the real perpetrator of the crime, so that this is not an instance of a confession by a codefendant which could only be read by the jury as inculpating the defendant *(see, People v Wheeler,* 62 NY2d 867). Moreover, the defendant "never sought a severance on his own behalf, which obviously was a deliberate strategic choice", and he may not now complain because his strategy did not turn out successfully *(see, People v Barbaran,* 118 AD2d 578, 580, *lv denied* 67 NY2d 1050).

The trial court properly excluded the testimony of the codefendant's mother that her younger son John had confessed to the crime some three weeks after its commission, taking into account John's delay in confessing, the paucity of details in John's account, the absence of independent evidence supporting that account, and the indicia of untrustworthiness in the family's concern to spare the codefendant, who was a second felony offender, a lengthy prison sentence *(see, People v Shortridge,* 65 NY2d 309).

Nor was the verdict "repugnant," as it in no way violated the "critical concern * * * that an individual not be convicted for a crime on which the jury has actually found that the defendant did not commit an essential element" *(People v Tucker,* 55 NY2d 1, 6, *rearg denied* 55 NY2d 1039). In addition, an examination of the charge reveals that the trial court properly instructed the jury to consider the four counts in the indictment as to each complainant separately, and to return a verdict as to each defendant individually. The jury, as instructed, therefore did not reach an "inherently self-contradictory verdict" *(People v Tucker, supra,* at 8).

None of the defendant's "bolstering" arguments has been preserved for appellate review (CPL 470.05 [2]; *People v West,*

56 NY2d 662). While arguably the arresting officers' testimony that "conversations" with the complainant led to the arrest of the defendant could be construed as implicit or inferential bolstering *(People v Holt,* 67 NY2d 819), in the context of the instant case it was harmless.

The arresting officers did not "bolster" the complainant Varadarajan's identification testimony by indicating that he was excited throughout the entire evening of the arrest, in contrast to the situation in *People v Grubbs* (112 AD2d 104, *lv denied* 66 NY2d 615). Indeed, not only did the defendant fail during trial to object to this testimony, but he also repeatedly underscored Varadarajan's excitement in his efforts to suggest that his state of mind rendered his identification unreliable. Nor was this alleged error compounded by the prosecutor's comments in summation. The prosecutor's remarks in summation constituted a fair response to the defendant's strategy *(see, People v Blackman,* 88 AD2d 620).

It is well established that "[t]he determination of whether or not to grant youthful offender status rests within the sound discretion of the [trial] court and depends upon all of the facts and circumstances of the case" *(People v Massa,* 93 AD2d 926, 927; *People v. Rosati,* 39 AD2d 592, 593). The trial court did not improvidently exercise its discretion in refusing to grant the defendant youthful offender status, in view of the serious nature of the crime *(see, People v Walsh,* 106 AD2d 419). Moreover, the sentence was neither harsh nor excessive *(People v Suitte,* 90 AD2d 80). Weinstein, J. P., Bracken, Kunzeman and Rubin, JJ., concur.