Bellacosa, J.
(dissenting). I respectfully dissent and vote to affirm the order of the Appellate Division affirming the judgment of conviction and the sentence which denied youthful offender treatment to this defendant.
Defendant, at the time of the crime, was visiting the SUNYAlbany campus for the weekend; he became intoxicated, entered the dorm room of a sleeping coed, climbed into her bed and sodomized her. After a trial, a jury convicted defendant of sodomy in the first degree. The sentencing court denied defendant’s request for youthful offender treatment and imposed a sentence of 316 to 10 years. Among the explanatory remarks uttered by the Trial Judge, prior to imposing sentence as to why youthful offender status was being denied, are these:
"the court:
"I think it’s incumbent, because of the remarks of both sides, for this Court to express some remarks in the middle.
* * *
"The Court has read the pre-sentence report.
* * *
"The Court is mindful of the Victim Impact Statement and I think that the Victim Impact Statement should be heard in its entirety and the Court will read that into the record.
* * *
"The Court has listened to both the District Attorney and to the defense counsel. And the Court is cognizant of all of the purposes of punishment. The Court is also cognizant that the history of sexual molestation laws in the State of New York in the past five to ten years have been such that rape and sodomy and all the sexual crimes have become one of the uppermost crimes in the mind of the State Legislature.
* * *
"[T]he Court has to take into consideration what is necessary to punish this young man for this indiscretion or this crime, however it’s characterized by either side, and to also act as a deterrent to other people similarly situated.
* * *
"The Court is mindful of all of the fine character letters.
*820 "It’s not a presumption that YO should not be given where there is rape or sodomy but that it ought not to be given unless the Court makes definite findings as to why this is an exceptional situation. The Court feels, as a matter of fact, there is nothing exceptional about this situation whatsoever. In most cases the Court does not find anything exceptional in a situation that causes somebody to go out and to sexually molest any of the women of our community” (apdx, at 17, 19, 21, 23 [emphasis added]).
The State Constitution and implementing statutes sharply limit this court’s review power with respect to factual and sentencing matters (NY Const, art VI, § 3 [a]; CPL 450.30). Youthful offender dispensations are purer discretionary determinations even more removed from appellate purview (CPL 720.20; see also, People v Dawn Maria C., 67 NY2d 625, 627). It is thus a truism that this court does not enjoy plenary review power just because it happens to be the State’s highest court. Indeed, there is wisdom in the withholding of some power for that very reason, i.e., this court may be too remote for proper determination of certain kinds of issues. In the distribution of judicial authority, it is Trial Judges, because of their unique vantage point, who are burdened with legislatively prescribed sentencing discretion of the widest latitude (see, People v Day, 73 NY2d 208, 212; People v Felix, 58 NY2d 156, 161; People v Farrar, 52 NY2d 302). A check and balance is exerted by conferral on the Appellate Division of: (1) a specifically defined sentence review menu (CPL 470.15 [2] [c]); (2) an interest of justice discretion authority which is virtually limitless (CPL 470.15 [6] [b]; see, People v Thompson, 60 NY2d 513); and (3) a youthful offender sentence review function which may well be that court’s narrowest (People v Dawn Maria C., 67 NY2d, supra, at 627; People v Barlette, 83 AD2d 695, 696).
Youthful offender is by its very nature an exceptional dispensational sentencing choice for the trial court (see, CPL 720.20 [1] [a]; Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 720.20, at 229). Five Justices of the Appellate Division and three Judges of this court have concluded that reading the cold sentencing record in its entirety, and in full context with its appropriate incorporations by reference, reflects an exercise of sentencing court discretion. *821 Whether any of us would agree with the choice of action or words by the trial court is irrelevant. If reasonable people and Judges could so disagree in this respect, it is hard to understand how it could be said there is error as a matter of law in such a matter as this youthful offender sentencing option.
Despite the long-standing and indisputably governing demarcations, a selective interpretation of the sentencing record now before us upsets and overrides both the County Court and the Appellate Division sentencing determinations. That seems to stray onto the exclusive constitutional and statutory preserve of those courts, because the majority is overemphasizing and extrapolating one portion of the sentencing minutes to show that the Trial Judge erroneously exercised its discretion. It concludes that the trial court sentenced defendant in accordance with the more stringent standard later enacted by the Legislature, which concededly, even by the trial court, is inapplicable in the instant case. But there are other portions of the sentence record which we have noted, and there are counterweights throughout the record, from which one could also reasonably conclude that the Trial Judge acted within the letter and even spirit of the applicable law, not the new stricter law.
The majority agrees that this court, and even the Appellate Division, cannot say under the law applicable at the time of this conviction that the trial court was mandated to give youthful offender status to this defendant. The trial court may not have been artful in the selection of its words or in its emphasis when it denied the youthful offender sentence in this case. Assessment of the entire record and transcript, however, belies the conclusion that discretion was exercised under an erroneous legal standard.
In sum, it is fair to say that the trial court concluded youthful offender treatment was inappropriate based on the individual circumstances of this case. It did not express an absolute ineligibility or unavailability as charged by the majority. The court ultimately qualified the applied rule as to "most cases” and "exceptionability”, and concluded that this case was not an exceptional case, rare as one might be for this Trial Judge. The Appellate Division thought that is how the trial court exercised its discretion and so do we in dissent. Ordinarily, that would end the authorized review here, as it did at the Appellate Division, which expressed its conclusion as follows: "County Court considered relevant factors, including the seriousness of the crime, in denying youthful offender *822 status to defendant and there is no showing that County Court abused its discretion in this matter”. (158 AD2d 737, 739.)
This court should be equally respectful of the Legislature’s grant of youthful offender sentencing discretion uniquely to the trial court. The trial court observed defendant’s demeanor at a full trial, had and reviewed the presentence reports, examined the numerous supportive letters on defendant’s behalf, and considered the particular defendant’s reputation and attitudes toward society and the particular victim. The court also quite properly weighed the consequences of this crime to the young woman victim. Indeed, the court not only considered the victim impact statement as required by statute (CPL 390.30 [3] Pd]), it read the statement into the record and noted the intense emotional trauma suffered by the victim as a result of this most violative personal assaultive act.
In addition, another factor that weighed heavily in the denial of that discretionary sentencing option is still present (though three years have passed): a most serious "B” felony, sodomy first degree, was committed. Indeed, this is a crime so serious that the Legislature has seen fit to remove it from the list of eligible convictions for which the ameliorative youthful offender sentence is generally available (CPL 720.10 [2] [a]; [3], as added by L 1986, ch 416, § 1).
The legislative empowerment of trial and sentencing courts with broad discretion, whether this court agrees with its exercise or its outcome, includes the judicial authority to reject arguments, data and the optional, ultimate dispensation from adult criminal responsibility. That is the essence of the trial court’s burden and of its legislatively conferred responsibility, as it weighs all the factors and interests of all the parties before it. That is what was done here based on a record which should speak for itself on a full and fair reading.
Judges Kaye, Alexander, Titone and Hancock, Jr., concur; Judge Bellacosa dissents and votes to affirm in an opinion in which Chief Judge Wachtler and Judge Simons concur.
Order modified by remitting the case to Albany County Court for resentencing and, as so modified, affirmed in a memorandum.