█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEYTON BROWN, Appellant.—Judgment, Supreme Court, Bronx County (Joseph A. Cerbone, J., at jury trial and sentence), rendered September 27, 1990, convicting defendant of robbery in the first degree and sentencing him, as a predicate

felony offender, to a term of imprisonment of 4 to 12 years, to run consecutively to a previously imposed sentence of imprisonment of 5 to 15 years on an unrelated Bronx County robbery conviction, unanimously affirmed.

Evidence at trial was that defendant robbed the complainant of his money at gunpoint. Within minutes of the robbery, which took place on a well-lighted highway footbridge, the complainant gave police a full description of the robber and identified defendant as the perpetrator both during a police canvas of the area and at a subsequent showup at the point of his apprehension following a police chase. Viewing this evidence in the light most favorable to the People and giving them the benefit of every reasonable inference (People v Malizia, 62 NY2d 755, cert denied 469 US 932), defendant's guilt of robbery in the first degree is supported by overwhelming evidence (see, People v Bleakley, 69 NY2d 490). That neither a gun nor the complainant's money was recovered from defendant upon his arrest does not require a contrary finding, as the arrest occurred approximately 15 minutes after the robbery and the jury was justified in inferring divestiture of incriminating evidence.

Brief police testimony that the complainant appeared to be "shaken" or "excited" as he gave a report of the robbery to the police did not constitute impermissible bolstering, but rather served to encourage defense counsel's argument to the jury that the complainant's identification may have been unreliable (see, e.g., People v Cruz, 144 AD2d 686, 688, lv denied 73 NY2d 854).

Defendant's claim that he and his attorney were excluded from material stages of the trial is unsupported by the record. (See, People v Harris, 76 NY2d 810, 812.) As defendant has failed to provide this Court with any record of his claimed absence during a readback requested by the jury, review of such claim is precluded (see, People v Olivo, 52 NY2d 309, 320).

We have considered defendant's remaining claims and find them to be largely unpreserved for appellate review as a matter of law (CPL 470.05), and without merit. Concur—Sullivan, J. P., Milonas, Ellerin and Kassal, JJ.