OPINION OF THE COURT
Edward M. Rappaport, J.
Defendant Erhan Kaatsiz moves to sever himself from the other defendants named in indictment No. 12739/91 on the grounds that he was improperly joined (CPL 200.40) or, in the alternative, because undue prejudice will result if he is tried jointly with the codefendants.
In deciding the instant motion, the court has considered the moving papers submitted by the defendant, along with the People’s affirmation and accompanying memorandum of law in opposition thereto, along with letters in camera dated July 2,1992 and September 30,1992.
Defendant Erhan Kaatsiz is only named in count 22 of a 22-count indictment. That count charges him with conspiracy in the second degree (Penal Law § 105.15), in that he conspired with others between November 20, 1991 and December 10, 1991 to possess and sell a controlled substance.
Counts 1 through 19 of the indictment charge seven defendants, other than Kaatsiz, with a variety of crimes involving the sale and possession of controlled substances between September 17 and December 10, 1991. Count 20 charges all defendants except Kaatsiz with conspiracy to sell and possess a *900 controlled substance between September 17, 1991 and December 10, 1991.*
CPL 200.40 (1) provides in relevant part that two or more defendants may be jointly charged in a single indictment provided that:
"(b) all the offenses charged are based on a common scheme or plan; or
"(c) all the offenses charged are based upon the same criminal transaction as that term is defined in subdivision two of section 40.10.”
As only subdivisions (b) and (c) are applicable to the motion at bar, the court will address only those subdivisions.
COMMON SCHEME OR PLAN
No definition of "common scheme or plan” is set forth in CPL 200.40 or the cases thereunder. The phrase is generally used in the context of the admissibility or inadmissibility of uncharged crimes or immoral acts People v Molineux, 168 NY 264).
Mere similarity between two conspiracies is not enough to render the crimes a "common scheme or plan” People v Fiore, 34 NY2d 81, 87). There must be a significant concurrence of common features between the two conspiracies such that they can only be explained as "caused by a general plan of which they are the individual manifestations” (supra, at 85). To be part of a " 'common scheme or plan’ ” a connection must be manifested between the conspiracies uniting them for the accomplishment of a common purpose (Matter of Brandon, 55 NY2d 206, 211-213). It is not enough for joinder as part of a common scheme or plan under CPL 200.40 that the conspiracies are "related” or of like character with separate but similar purpose as opposed to a common purpose of a single enterprise People v Ruiz, 130 Misc 2d 191, 194, citing Kotteakos v United States, 328 US 750, 769) or a single inseparable plan (People v Fiore, 34 NY2d, at 85, supra).
CPL 200.40, unlike the Federal joinder rule (Fed Rules Crim Pro, rule 8 [a]) does not permit separate but "related” conspiracies to be joined in a single indictment (People v Ruiz, 130 Misc 2d, at 194, supra). In essence, the theory upon which defendant was joined in the indictment at bar is that the *901 Kaatsiz conspiracy was part of what has been commonly denominated as a "wheel conspiracy” with defendant Seven-can and others serving as the "hub” and Kaatsiz as one of several "spokes”. The People, however, have failed to demonstrate that there is a " ’rim of the wheel to enclose the spokes’ ” (see, People v Leisner, 73 NY2d 140, 151, citing Kotteakos v United States, 328 US, at 755, supra). While it appears that a "rim” exists as to the first seven defendants, the indictment and the supporting documents submitted by the People do not connect Kaatsiz to the conspiracy alleged in count 20. To have a "common scheme or plan”, there must not only be evidence of an agreement between Kaatsiz and the coconspirators vis-a-vis the Kaatsiz conspiracy, but Kaatsiz must be shown to have had at least some knowledge of or involvement in the criminal and/or conspiratorial acts set forth in count 20 (see, People v Ruiz, 130 Misc 2d 191, supra).
The People do not allege that any meetings took place involving Kaatsiz before November 20, 1991, nor do they contend that Kaatsiz was even mentioned in the surveillance tapes prior to that date. While it may be fairly implied that the coconspirators had knowledge of and participated in the Kaatsiz conspiracy (see, e.g., United States v Magnano, 543 F2d 431; United States v Bruno, 105 F2d 921), a reciprocal knowledge of the broader conspiracy on the part of Kaatsiz is necessary to render it a "common scheme or plan” with respect to Kaatsiz and his conspiracy.
All or most of the seven defendants in the count 20 conspiracy may have been aware of, and taken part in, the Kaatsiz conspiracy, yet nothing provided by the People in opposition to defendant’s motion to sever (including ex parte correspondence requested by the court in camera) provides any nexus between Kaatsiz and the broader conspiracy. Without knowledge of or demonstrated participation by Kaatsiz in the broader conspiracy, Kaatsiz’ alleged criminal activity cannot be considered part of a common scheme or plan vis-á-vis the count 20 conspiracy.
Thus, the court finds that joinder of defendant Kaatsiz cannot be grounded on "common scheme or plan”.
SAME CRIMINAL TRANSACTION
Two or more defendants may be jointly charged in a single indictment where the offenses charged are based upon the same criminal transaction as that term is defined in CPL 40.10 (2) (CPL 200.40 [1] [c]).
*902 CPL 40.10 (2) defines a criminal transaction as: "conduct which establishes at least one offense, and which is comprised of two or more or a group of acts either (a) so closely related * * * in point of time and circumstance of commission as to constitute a single criminal incident, or (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture.”
In order to determine whether or not two acts (or in this case, conspiracies) are part of the same criminal transaction, the court must examine the nature of the crime, as well as the underlying facts (i.e., the victim, time, place and date) (see, People v Griffin, 137 AD2d 558, citing People v Spann, 56 NY2d 469, and People v Barbaran, 118 AD2d 578, lv denied 67 NY2d 1050).
Here, once again, the People fail to set forth a sufficient basis upon which this court could conclude that the two conspiracies arose from the "same criminal transaction”. The nature of the two conspiracies are substantially similar, i.e., the possession and distribution of a controlled substance. Each allegedly shares at least some common actors (Sevencan and Akaydin). However, much more is required to render the Kaatsiz conspiracy part of the same criminal transaction as the broader conspiracy and/or substantive crimes charged in counts 1 through 19 of the indictment.
An examination of the four corners of the indictment and the supporting documents submitted by the People sets forth a conspiracy to sell and possess a controlled substance by seven defendants (excluding Kaatsiz) along with various counts of sale and possession of heroin involving Kaatsiz’ codefendants and a murder conspiracy involving defendant Sevencan only (count 21). The broader narcotics conspiracy and the substantive narcotics offenses allegedly took place between September 17, 1991 and December 10, 1991. The People concede that when Sevencan and Taspinar encountered difficulties obtaining heroin in November 1991, they turned to Kaatsiz to supply the heroin late that month. Thus, the crimes are not sufficiently related in point of time or date from Kaatsiz’ point of view as to constitute a single transaction.
In order for the two conspiracies (counts 20 and 22) to constitute the "same criminal transaction” under CPL 40.10 (2) (b), the conspiracies must be "so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture” (CPL 40.10 [2] [b] [emphasis added]).
*903 Here, again, the key is whether from Kaatsiz’ point of view the conspiracies were so closely related in purpose or objective as to constitute integral parts of one criminal venture. While it may be the case that the conspiracies constitute a single criminal venture from the perspective of the seven coconspirators named in count 20, there is nothing before the court which would insinuate that Kaatsiz was even aware of the broader conspiracy. Without demonstrated knowledge or participation on the part of Kaatsiz in both conspiracies, the court cannot view the two conspiracies as integral parts of the same criminal venture from the point of view of defendant Kaatsiz (CPL 40.10 [2] [b]).
As such, the court finds that joinder of defendant Kaatsiz was not proper on the ground that the conspiracies were part of the same criminal transaction (CPL 200.40 [1] [c]).
As the court finds that defendant Kaatsiz was improperly joined with the codefendants, the issue of whether joinder would result in undue prejudice need not be addressed.
The court accordingly finds that defendant Kaatsiz was misjoined in count 22 to the indictment under CPL 200.40. As such, Kaatsiz’ motion to sever is granted.

 Count 21 charges defendant Sevencan only with conspiracy to commit murder in the second degree.