■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELRICO ROBERTS, Appellant. [613 NYS2d 67] —Judgment unanimously affirmed. Memorandum: Defendant was charged in an indictment with two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [b]) for forcibly stealing six cartons of cigarettes from a gas station clerk. The trial court instructed the jury on the law with respect to the robbery counts as well as the lesser included offense of petit larceny. During its deliberations, the jury requested the court to clarify who was the "owner" at the time of the offense. The court stated that it "[d]oesn't matter. An owner is anyone with a right superior to that of the taker" and that either the clerk or the owner of the gas station could be an "owner". The jury convicted defendant of petit larceny.

We reject defendant's contention that the court's supplemental instructions with respect to the lesser included offense

of petit larceny constituted an impermissible amendment of the indictment. The court's instructions did not constitute an impermissible amendment of the indictment with respect to a material element of the crime charged *(see,* Penal Law § 155.05 [1]; § 155.00 [5]; *People v Spann,* 56 NY2d 469, 473; *People v Prato,* 143 AD2d 205, 206, *lv denied* 72 NY2d 1049, *lv denied* 73 NY2d 858). The court's instructions did not alter the facts underlying the indictment, inject a new element, expand or change the theory of the prosecution, or alter a factual allegation *(see, People v Spann, supra,* at 473-474; *People v Prato, supra,* at 206-207). Moreover, defendant has failed to demonstrate how he was prejudiced by the court's supplemental instructions with respect to the definition of "owner" *(see, People v Ames,* 115 AD2d 543, 544-545, *lv denied* 67 NY2d 759).

The contention that the prosecutor's use of a peremptory challenge to exclude a black prospective juror violated defendant's right to equal protection of the law has not been preserved for review *(see,* CPL 470.05 [2]; *People v Rosado,* 166 AD2d 544, *lv denied* 77 NY2d 843). Even if we were to address that issue on its merits, we would conclude that the prosecutor offered a "satisfactory nondiscriminatory explanation" for using the peremptory challenge *(People v Hernandez,* 75 NY2d 350, 356, *affd* 500 US 352; *see, People v Rumph,* 202 AD2d 1035; *People v Jarvis,* 202 AD2d 1036; *People v Velasquez,* 202 AD2d 1037; *People v Duncan,* 177 AD2d 187, 193-194, *lv denied* 79 NY2d 1048). (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Petit Larceny.) Present—Green, J. P., Pine, Balio, Callahan and Boehm, JJ.