OPINION OF THE COURT
Peter J. Benitez, J.
Defendants were jointly charged in an indictment with *387 counts of robbery and assault based on the allegation that they acted in concert in assaulting and robbing a livery driver. Additionally, defendant Summers was charged in the same indictment with criminal possession of a controlled substance in the fourth and seventh degrees. Those counts were based on the allegation that he possessed a quantity of drugs on his person when arrested shortly after the alleged assault and robbery.
Immediately prior to jury selection defendant Harlee moved to sever the drug counts against Summers from the other charges in the indictment. Defendant Summers did not oppose the motion. In other words, defendants did not object to being jointly tried on the assault and robbery charges, but Harlee objected to the evidence of Summers’ alleged drug possession being introduced in their joint trial. The court decided the motion and rendered an oral decision. This written opinion sets forth the basis for the court’s decision.
Harlee argued that severance was required because of possible prejudice that might result to him from the jury hearing about his codefendant’s alleged drug possession. The evidence would show that defendants were best friends and that Harlee had stayed at Summers’ apartment the night before. Additionally, defendant Harlee argued that the drug counts were not properly joined in the indictment with the assault and robbery counts.
Often a defendant is charged in an indictment with crimes such as robbery or burglary and also charged, in the same indictment, with possession of contraband, drugs or weapons that were not used during the commission of the other crimes charged. Sometimes, as here, two defendants are charged with acting in concert in committing crimes and only one defendant is charged with a separate crime, such as the possession of contraband. The motion in this case required this court to determine the appropriateness of the joinder in the later situation.
CPL 200.40 (1) sets forth the circumstances under which two defendants may be jointly charged in a single indictment. By statute, except in cases where enterprise corruption is charged, two or more defendants may be jointly charged in a single indictment when:
*388 “(c) all the offenses charged are based upon the same criminal transaction as that term is defined in subdivision two of [CPL] section 40.10.”
The People argued that the assault, robbery and drug offenses were a part of the same criminal transaction. The People asserted that since the arrest for the robbery occurred shortly after its commission, defendant Summers clearly had the drugs in his possession during the robbery and therefore, all the offenses were committed at the same time and place.
CPL 40.10 (2) provides that a “criminal transaction” is conduct “so closely related and connected in point of time and circumstance of commission” or “so closely related in criminal purpose or objective” (emphasis added). While broader authority is provided for joinder of offenses against a single defendant than for joinder of offenses against multiple defendants (see, CPL 200.20 [2]), the “same criminal transaction” principle is common to both.
In People v Griffin (137 AD2d 558 [2d Dept 1988]), defendant and a codefendant were charged in an indictment with robbery. Additionally, the codefendant was charged in a separate indictment with robbing the same victim of additional property moments after the first robbery. The indictments were consolidated for trial and the court found the consolidation of the two indictments was proper under CPL 200.40 (1) (c), holding that the two offenses constituted the same “criminal transaction.” The Court stated that the determination as to whether or not the two robberies were a part of the same criminal transaction required that the Court examine “the nature of the crime, as well as the underlying facts (i.e., victim, time, place and date)” (People v Griffin, supra at 559). In People v Pabon (96 AD2d 870 [2d Dept 1983]), the Court held that a robbery with a sawed-off shotgun and the possession of a different firearm and a gravity knife by the same person 45 minutes later were not the same criminal transaction.
It is clear from the cases that a determination that two or more offenses constitute the “same criminal transaction” requires more than simply that all the offenses were committed at the same time and place. Rather, there must also be some substantive similarity in the nature of the offenses and the manner of their commission. In People v Griffin (supra), the similarity in the nature and commission of the offenses was that after both defendants allegedly robbed the victim, one defendant returned and stole additional property from the same victim.
*389 In this case there was no relationship between the alleged jointly committed robbery and one defendant’s alleged drug possession other than time and place. Accordingly, the offenses were not part of the same criminal transaction as that term is defined in CPL 40.10 (2) and severance of the drug possession counts from the assault and robbery counts was required.
Additionally, the trial of defendant Summers on the drug possession charge in a joint trial of the two defendants for the robbery and assault charges would clearly have prejudiced defendant Harlee. (See, People v Caraballo, 174 AD2d 381 [1st Dept 1991].)
This court granted severance and defendants were tried and found not guilty of the assault and robbery charges. Defendant Summers then pleaded guilty to the drug possession charges.