■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOYNUL ISLAM, Appellant. [804 NYS2d 329]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered March 25, 2003, convicting him of gang assault in the first degree, assault in the first degree, assault in the second degree (two counts), and criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the trial court did not deprive him of the opportunity to present a complete defense by precluding a defense witness from testifying about an alleged prior assault against the defendant by a codefendant, that occurred weeks before the commission of the crimes at bar. Extrinsic proof tending to show a witness's bias, interest, hostility, or reason to fabricate should not be deemed collateral (*see People v Hudy*, 73 NY2d 40, 56-57 [1988]; *People v Chin*, 67 NY2d 22, 28-29 [1986]). Although the trial court may have erroneously categorized this proposed testimony as collateral, the defendant failed to demonstrate that he was prejudiced by its preclusion. This testimony was essentially cumulative, and even without it, the defendant was able to present his theory to the jury regarding the impact of the alleged prior assault, including, inter alia, that the alleged prior assault was evidence of a

codefendant's hostility toward him, and that the existence of this alleged prior assault impeached that codefendant's credibility.

The defendant failed to preserve for appellate review his contention that the court erroneously denied the severance motion of a codefendant, since he did not join in that codefendant's motion nor did he make any such motion on his own behalf (*see People v Santiago,* 204 AD2d 497 [1994]). In any event, where proof against multiple defendants "is supplied by the same evidence, only the most cogent reasons warrant a severance" (*People v Bornholdt,* 33 NY2d 75, 87 [1973], *cert denied sub nom. Victory v New York,* 416 US 905 [1974]; *see People v Mahboubian,* 74 NY2d 174, 183 [1989]; *People v Hernandez,* 260 AD2d 399, 400 [1999]). Under the circumstances presented here, a joint trial was appropriate.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Crane, J.P., Santucci, Mastro and Dillon, JJ., concur.