■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL AVILES, Appellant. [989 NYS2d 381]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered April 24, 2012, convicting him of manslaughter in the second degree and criminally negligent homicide, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that the County Court erroneously denied the severance motion of his codefendant, since the defendant affirmatively withdrew his own application for a severance and did not otherwise join in the codefendant's motion (*see People v McGee*, 68 NY2d 328, 333-334 [1986]; *People v Islam*, 22 AD3d 599, 600 [2005]; *People v Ahmr*, 22 AD3d 593, 594 [2005]; *see also People v Mack*, 89 AD3d 864, 865 [2011]; *People v Turnbull*, 52 AD3d 747, 747 [2008]). The defendant's decision to withdraw his severance motion reflected "a deliberate strategic choice," and, under the circumstances, the defendant should not be heard to complain simply because his chosen strategy proved unsuccessful (*People v Barbaran*, 118 AD2d 578, 580 [1986]; *see People v Cruz*, 144 AD2d 686, 687 [1988]; *People v Hernandez*, 33 AD2d 747, 747 [1969], *affd* 28 NY2d 522 [1971]).

Contrary to the defendant's contention, evidence of the child victim's prior injuries was properly admitted to show that the injuries that caused her death were not accidental (*see People v Henson*, 33 NY2d 63, 71-73 [1973]; *see People v Allah*, 13 AD3d 639 [2004]; *People v Sims*, 110 AD2d 214, 221 [1985]). The introduction of such evidence is particularly warranted where, as here, "the crime charged has occurred in the privacy of the home and the facts are not easily unraveled" (*People v Henson*, 33 NY2d at 72).

Contrary to the defendant's contention, reversal is not war-

ranted due to the late disclosure of certain *Rosario* material (*see People v Rosario*, 9 NY2d 286 [1961]), as the defendant failed to show that he suffered substantial prejudice from any delay in disclosure (*see People v Jingzhi Li*, 104 AD3d 704, 705 [2013]; *People v Uka*, 92 AD3d 907, 907-908 [2012]; *People v Chia Yen Yun*, 35 AD3d 494, 495 [2006]). To the extent that the defendant contends that the People's failure to disclose certain mental health records constituted a *Rosario* violation, this contention is without merit. There was no evidence in the record that this material existed (*see People v Tieman*, 112 AD3d 975, 976 [2013]).

The prosecutor's reference during summation to the defendant's statement to the codefendant was improper, as the prosecutor's reference to the statement was precluded by an earlier court ruling. However, the prosecutor's single improper comment was an isolated instance and not so egregious as to deprive the defendant of a fair trial, particularly, where, as here, the trial court, as the factfinder, is presumed to have considered only competent evidence in reaching its verdict (*see People v Ford*, 90 AD3d 1299, 1302 [2011]; *People v Weinberg*, 75 AD3d 612, 614 [2010]; *People v Pruchnicki*, 74 AD3d 1820, 1821-1822 [2010]; *People v Concepcion*, 266 AD2d 227 [1999]).

The defendant's remaining contentions, that certain statements he made to law enforcement officials should have been suppressed because he was intoxicated, exhausted, and experiencing grief, and that the County Court improperly considered certain material contained in a presentence investigation report at the sentencing proceeding, are unpreserved for appellate review (*see* CPL 470.05 [2]), and we decline to reach them in the exercise of our interest of justice jurisdiction.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Balkin, Chambers and Miller, JJ., concur.