■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BATTLE, Appellant.—Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered November 4, 1988, convicting defendant, after a jury trial, of attempted robbery in the first and second degrees (Penal Law §§ 110.00, 160.15 [3]; §§ 110.00, 160.10 [1]) and sentencing him, as a second felony offender, to concurrent, indeterminate terms of imprisonment of from 7½ to 15 years and 3½ to 7 years, unanimously affirmed.

Within minutes of attempting, together with four or five others, to rob a teen-ager of his designer bag on a subway train at approximately 4:00 A.M. on November 14, 1987, the subway motorman and the victim identified defendant to the police. At trial, the motorman testified that defendant wore a denim jacket and held a flashlight as he demanded the bag. The complainant testified that it was one of the codefendants who wore the denim jacket. On appeal, defendant argues that the guilty verdict was insufficient as a matter of law and/or against the weight of the evidence.

Upon examining the evidence presented at trial in the light most favorable to the People *(see, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932; *People v Contes,* 60 NY2d 620),* we conclude that defendant's guilt was proved beyond a reasonable doubt. The evidence was not insufficient, since there existed a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury". *(People v Bleakley,* 69 NY2d 490, 495.) Nor was the verdict against the weight of the evidence, for our own examination of the record confirms the conclusions reached by the triers of fact. *(Supra.)*

We further find without merit defendant's claim that his motion to suppress the complainant's identification testimony was erroneously denied. The prompt showup on the subway platform was warranted by the circumstances and not unduly suggestive. *(See, People v Love,* 57 NY2d 1023, 1024.) Defendant's remaining contentions are similarly meritless or have not been preserved for appellate review as a matter of law, and we decline *to reach them in the interest of justice.* Concur —Murphy, P. J., Carro, Milonas, Asch and Kassal, JJ.