■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIDNEY HENRY, Appellant.—Judgment, Supreme Court, Bronx County (Steven L. Barrett, J.), rendered September 15, 1989, convicting defendant after jury trial of murder in the second degree and burglary in the second degree, and sentencing him to concurrent terms of imprisonment of 15 years to life, and 5 to 15 years, respectively, unanimously affirmed.

Evidence adduced at trial was that immediately after hearing several gunshots, two police officers observed defendant and his brother running away from a private social club where two armed men (one of whom had been wearing a distinctive red ski mask) had just forced their way in and fired several shots, one of which had killed a patron. One of the men had posted himself at the front door of the club with an Uzi machine gun and ordered the patrons not to move. The other headed toward the rear room of the club, where the owner kept in a "pot" the proceeds from his sale of liquor and a percentage of the gambling activity.

When the defendant and his brother saw the officers on the street outside the club, they each reached into a bag carried by defendant. Defendant's brother pulled out a loaded Uzi machine gun which he threw over a nearby fence. Defendant raised his arm over his head in a throwing motion, and at a later time a gun was discovered on the roof of a nearby garage. A distinctive red ski mask was recovered from the bag carried by defendant. Various bullet holes, bullet casings, and bullet fragments were found in the social club premises and a bullet casing found at the premises matched the Uzi recovered from defendant and his brother.

Witnesses who had been at the club at the time in question, testified that the recovered guns and ski mask resembled those used by the two intruders, but could not positively identify the recovered items, or defendant.

Upon defendant's arrest, it was discovered that he had a fresh bullet wound in his right arm, which would reasonably account for the hasty retreat of defendant and his brother.

Viewing this evidence in the light most favorable to the People, and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the jury's determination of defendant's guilt beyond a reasonable doubt of murder committed during a burglary, properly charged by the trial court in the context of circumstantial evidence standards, was amply supported by the evidence, given appropriate weight by the jury *(People v Bleakley,* 69 NY2d 490). Concur—Murphy, P. J., Sullivan, Milonas, Rosenberger and Asch, JJ.