OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed (see 92 AD2d 154).
On this appeal, defendant contends the evidence of guilt is insufficient, particularly because of the lack of credibility of Harry Terrell, the People’s principal witness, and that the trial court committed reversible error in several evidentiary rulings.
After an earlier trial had resulted in a hung jury, defendant was convicted in a second trial of felony murder (robbery) and common-law murder resulting in the death of William Terrell and of the attempted murder and assault, first degree, of Harry Terrell, the decedent’s brother. The facts are set forth in detail in the opinion of the Appellate Division and need not be repeated here. Briefly, however, the crime occurred in New York City on the evening of December 18, 1978 after the decedent and his brother drove to a street which was deserted at that late hour, where decedent met with defendant and others waiting there in a parked car. Harry Terrell waited down the street in the Terrell vehicle. The purpose of the meeting was to buy drugs and to deliver money to defendant to pay him for past drug purchases. The jury found that defendant shot decedent and then attempted to kill Harry Terrell, sitting in the parked Terrell car, as defendant and his associate sped away from the scene. Decedent’s body was found later several miles from the scene of the meeting.
*757 We agree with the Appellate Division that the verdicts are supported by the evidence. In reviewing the evidence we are obliged to do so in the light most favorable to the People (People v Kennedy, 47 NY2d 196) bearing in mind that credibility is a matter to be determined by the trier of the facts (People v Parks, 41 NY2d 36, 47). Since the record contains evidence sufficient in quantity and quality to support the verdicts, our review function is exhausted (see People v Gruttola, 43 NY2d 116, 122; People v Joyiens, 39 NY2d 197, 203).
Nor do we find grounds for reversal on the court’s evidentiary rulings. Defendant claims that the court erred in permitting evidence that Harry Terrell had cared for the victim’s son after the homicide and in limiting defense counsel’s cross-examination of Terrell about favorable treatment he expected from the authorities on pending criminal charges in exchange for his testimony in this action. Even if defendant’s contention be accepted, reversal is not required for there was no reasonable possibility that these rulings contributed to defendant’s conviction and thus they were harmless beyond a reasonable doubt (see People v Crimmins, 36 NY2d 230, 237). Harry Terrell’s character, particularly his extensive criminal activities, was fully developed for the jury. The jury also was told that he had been granted immunity for past crimes by the prosecutor and that the prosecutor had offered to contact other law enforcement authorities on his behalf after he testified against defendant. If defendant wished to pursue the subject further, counsel should have requested a voir dire to explain the area he wished to examine and the necessity for it.
Nor has defendant preserved for review by appropriate objections his further contentions that the court committed error in permitting Terrell to testify after an attempt to hypnotize him (see People v Hughes, 59 NY2d 523) and in permitting him to give hearsay testimony concerning the victim’s declarations of future intended conduct the night of the homicide (see Mutual Life Ins. Co. v Hillmon, 145 US 285). Defendant maintains that he has preserved his objection to the testimony concerning decedent’s future intention because at the beginning of the first trial the *758 Judge ruled over his opposition that it would permit Harry Terrell to testify about statements made by decedent to him on the night of the crime that he intended to meet defendant that evening. He contends that this ruling constituted the law of the case and that it was binding on the parties and the court in the second trial before a new Judge.
Evidentiary rulings made at one trial, however, are normally not binding in a subsequent trial. In this case there is nothing in the record to indicate that the earlier ruling was brought to the attention of the second Judge or that he or counsel considered themselves bound by it. Nor did counsel object when Terrell testified concerning statements of the victim made the night of the crime. He did object to a statement of decedent’s intent made two weeks before the homicide, upon grounds of relevancy not competence, but at the time of that objection defense counsel stated that he had not objected to the earlier evidence of the victim’s statements made on the night of the crime because counsel considered them part of the res gestae. Accordingly, the point is not preserved for our review.
Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur.
Order affirmed in a memorandum.