■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOOKER T. JENKINS, Appellant.

Viewing the evidence in the light most favorable to the People and giving the People the benefit of every inference to be drawn therefrom, as we must on appeal, the defendant's guilt was proven beyond a reasonable doubt *(see, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932).

The defendant's contention that he was improperly prevented from having a *Wade* hearing is without merit. At a

scheduled *Wade-Huntley* hearing on August 31, 1983 (Lawrence, J.), the Assistant District Attorney stated that none of the People's witnesses would be asked to identify the defendant at the trial. However, prior to calling his first witness at the trial, the prosecutor stated that although no identification testimony would be elicited from the victim of the crime, he had informed defense counsel that a man who had struggled with the defendant after the incident would identify the defendant in court. Defense counsel made no response to this representation, nor was any objection made when the witness identified the defendant as the man with whom he struggled. It is clear that defense counsel thereby acquiesced in the presentation of this evidence *(but see, People v Rahming,* 26 NY2d 411). Further, the People elicited testimony from police officers concerning a statement made by the defendant to them to the effect that the defendant was present at the burglarized premises on the day of the crimes, and that shortly thereafter he was involved in an altercation immediately outside the subject premises. Consequently, the identification testimony by the participant in the altercation was cumulative.

Finally, we reject the defendant's claim that the sentence imposed was unduly harsh and excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Bracken, Eiber and Spatt, JJ., concur.