■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORRAINE JONES, Appellant.—Kane, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered April 4, 1985, upon a verdict convicting defendant of the crimes of burglary in the first degree (two counts) and grand larceny in the third degree.

Defendant and codefendant, her husband, were caught redhanded in the process of burglarizing an apartment in the City of Albany on the afternoon of November 13, 1984 by the occupant thereof. A struggle ensued between codefendant and the occupant as he attempted to flee the building. In the course thereof, the occupant was injured as a result of being struck with a heavy metal belt buckle by codefendant. Police were summoned by occupants of an adjoining apartment who observed both defendants at the scene of the burglary and outside the apartment where the victim of the burglary was successful in restraining codefendant until the police arrived, in spite of the forcible intervention of defendant.

When the police arrived and arrested codefendant, who was in possession of the fruits of the crime, defendant again intervened, contending that codefendant had done nothing wrong and that she had been with him at all times. Following her arrest, property belonging to the victim was found in defendant's possession. On this appeal from her conviction after trial, defendant contends there is insufficient evidence to establish her guilt beyond a reasonable doubt of each and every element of the crime with which she is charged.

The record demonstrates otherwise. Viewing the evidence in a light most favorable to the People, as we must *(People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), and considering defendant's criminal liability for the acts of another, as provided by Penal Law § 20.00, we find defendant's guilt clearly established beyond a reasonable doubt.

Judgment affirmed. Mahoney, P. J., Kane, Main, Weiss and Mikoll, JJ., concur.