■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY PERKINS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Corriero, J.), rendered May 27, 1986, convicting him of robbery in the first degree, robbery in the second degree (two counts), grand larceny in the third degree, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove his guilt beyond a reasonable doubt. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Various witnesses testified they observed the so-called "chain snatching" at gunpoint, and the subse-

quent taking of money of which the defendant stands convicted. Two witnesses identified the defendant as the assailant. Moreover, the defendant was arrested near the scene of the crime shortly after it occurred wearing the clothing described by witnesses as that the robber wore. He was also then in possession of a chain with a broken clasp and money of the denominations the victim testified was taken from him by the defendant, but which the defendant testified was his.

Resolution of issues of credibility as well as the weight to be accorded the evidence presented are primarily questions to be determined by the jury which saw and heard the witnesses *(see, People v Malizia,* 62 NY2d 755; *People v Gaimari,* 176 NY 84, 94). The jury's resolution of conflicts in the evidence will not be lightly overturned on appeal *(cf., People v Garafolo,* 44 AD2d 86, 88), and minor discrepancies in the testimony of witnesses do not render their testimony incredible as a matter of law *(People v Washington,* 126 AD2d 765). Moreover, the jury was not required to credit the defendant's testimony that he owned the property identified by witnesses as the proceeds of the crimes. Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). We therefore decline to interfere with the jury's resolution of the factual issues. Mollen, P. J., Kooper, Sullivan and Harwood, JJ., concur.