■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR MYERS, Appellant.—Kane, J. P. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered April 15, 1988, upon a verdict convicting defendant of the crimes of robbery in the first degree and robbery in the second degree.

At about 10:15 P.M. on November 17, 1987 in the City of Elmira, Chemung County, Chester Fox was the victim of a robbery when his wallet was forcibly stolen from his person during a struggle in which he sustained a broken wrist and a broken finger. He identified defendant as his assailant following the apprehension of defendant by police officers a few

minutes after the robbery and within a block of the scene of the crime. On this appeal following his conviction of robbery in the first and second degrees, defendant contends that the procedures used in the process of his identification as the perpetrator of the crime were unduly suggestive to the extent that they violated his due process rights and, in any event, the identification evidence before the jury at his trial was legally insufficient to sustain his conviction.

We conclude that the identification testimony, both in court and pretrial, was properly received in evidence. The original identification of defendant was made by Fox, the victim of the crime, a few minutes after it occurred and within a block of the scene of its commission. Accordingly, the fact that defendant was in the physical custody of police officers on the street at the time does not result in any constitutional infirmity in the identification process, for such circumstances present an exception to proscribed showup identifications (see, People v Riley, 70 NY2d 523, 529; People v Love, 57 NY2d 1023, 1024-1025; People v Brnja, 50 NY2d 366, 372). Moreover, there is ample evidence to provide an independent basis for Fox's identification of defendant. Fox observed defendant at, and as he followed him from, a newsstand prior to reaching the scene of the crime where defendant asked Fox for a light and borrowed his cigarette lighter. Fox observed defendant's face as he used the lighter, and moments later had a face-to-face confrontation with him during the commission of the robbery and in the ensuing struggle (see, People v Whisby, 48 NY2d 834, 836).

Finally, viewing the evidence in the light most favorable to the prosecution, we find legally sufficient evidence to establish every element of the crimes charged and defendant's commission of them (see, People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932). The jury could have reasonably concluded that the knife recovered adjacent to the scene of the crime was the one possessed by defendant at the time of the robbery and the one observed by Fox, and that the money found in defendant's possession represented the fruits of the robbery of Fox.

Judgment affirmed. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.