■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER M. BOSTWICK, Appellant.—Judgment unanimously reversed on the law and indictment dismissed. Memorandum: The evidence is insufficient to support defendant's conviction for criminal possession of stolen property in the first degree, criminal possession of stolen property in the second degree, and two counts of conspiracy in the fifth degree.

The People's case against defendant with respect to the two counts of conspiracy was based entirely upon circumstantial evidence. Thus, " 'the facts from which the inference of the defendant's guilt is drawn must be established with certainty —they must be inconsistent with his innocence and must exclude to a moral certainty every other reasonable hypothesis' " *(People v Cleague,* 22 NY2d 363, 365-366, quoting *People v Bearden,* 290 NY 478, 480). Applying that legal standard, we conclude that the People failed to meet their burden of proving defendant's guilt beyond a reasonable doubt with respect to the conspiracy counts. The record is devoid of evidence from which the jury could have reasonably inferred that defendant and Craig Caldwell entered into an agreement to commit grand larceny.

The People's case against defendant with respect to the two counts of criminal possession of stolen property was based on both direct and circumstantial evidence and the " 'moral certainty' " standard "simply does not apply" *(People v Barnes,* 50 NY2d 375, 380). Nonetheless, we conclude that those convictions are not supported by legally sufficient evidence. Viewing the evidence, as we must, in the light most favorable to the People and "indulging in all reasonable inferences in the People's favor" *(People v Ford,* 66 NY2d 428, 437; *People v Malizia,* 62 NY2d 755), we conclude that the People's proof failed to establish that defendant knowingly possessed stolen property.

In view of our determination, we do not address defendant's remaining contentions. (Appeal from judgment of Onondaga County Court, Auser, J.—criminal possession of stolen property, first degree.) Present—Denman, J. P., Pine, Lawton, Davis and Lowery, JJ.