■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BESS, Appellant.—Judgment, Supreme Court, New York County (Leon Becker, J.), rendered September 29, 1988, convicting defendant, after a jury trial, of grand larceny in the fourth degree and sentencing him as a second felony offender to an indeterminate term of imprisonment of from 2 to 4 years, unanimously affirmed.

The evidence viewed, as required, in the light most favorable to the People *(People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), establishes that defendant, along with codefendant Rhonda Coates, after taking off their jackets and draping them over their arms, approached and shadowed the victim as she descended a stairway at Penn Station, and positioned themselves so that one of them could effect the taking of the victim's wallet from her purse. The evidence was thus sufficient to support the conviction. The testimony of the officers challenged by defendant concerning their observations of defendant and Coates looking specifically at the purses of passersby was relevant since it tended to demonstrate that they were "casing" the area in search of a likely victim. Nor was such testimony wholly conclusory in nature. While the testimony of Officer Storey to the effect that defendant maneuvered his body in an attempt to block the officer's view was a conclusory opinion which should not have been allowed, the court, upon objection, immediately struck the testimony. The court's instruction at the beginning of trial that the jurors should not consider testimony that was stricken from the

record is presumed to have been followed by the jury. *(See, People v Davis,* 58 NY2d 1102, 1104.)

Defendant's complaints with respect to the prosecutor's summation were not properly preserved for appellate review since the challenged remarks were not objected to at trial *(see,* CPL 470.05), and review of the remarks in the interests of justice is not warranted. Concur—Sullivan, J. P., Milonas, Kassal, Wallach and Smith, JJ.