■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFREDO COLON, Appellant.—Judgment, Supreme Court, New York County (Shirley R. Levittan, J., at suppression hearing, *Sandoval* hearing, jury trial and sentence), rendered February 3, 1987, convicting defendant of murder in the second degree (Penal Law § 125.25 [3]) and robbery in the first, second and third degrees (Penal Law §§ 160.15, 160.10 [1]; § 160.05) and sentencing him, as a second violent felony offender, to indeterminate terms of imprisonment of from 15 years to life on the murder count, 6 to 12 years on both the first and second degree robbery counts and 3 to 6 years on the third degree robbery count, to run concurrently with one another and consecutively with a sentence of from 12½ to 25 years on an unrelated matter, unanimously affirmed.

Defendant's convictions arise out of two separate parking garage robberies committed on the east side of Manhattan. In the first robbery, on August 17, 1982, defendant and two others, one of whom testified against defendant at trial, stole two vehicles after restraining the parking attendant at gunpoint. Prior to that robbery, defendant had requested another person, Jimmy Tisdale, to accompany him and the others in that robbery.

On the day of the second robbery, August 20, 1982, Tisdale picked defendant up from his mother's home a few hours before the robbery. Shortly after the robbery, defendant was seen, with Tisdale, exhibiting to neighborhood friends one of the four vehicles stolen in that second robbery. The parking attendant in the second robbery was found dead of a shotgun wound on the floor of the garage office. Fingerprints removed from the office established that Tisdale and two others, not including defendant, had been present.

We reject defendant's argument, on appeal, that the court erred in denying his motions to dismiss and vacate the judgment on the ground that the evidence was legally insufficient to establish the offenses charged.

An accomplice in the first robbery testified in detail as to

the planning and execution of that robbery and defendant's participation, including the fact that defendant wielded a gun, and that upon completion of the robbery, defendant kept one of the stolen cars, a beige Audi, for himself. Two other witnesses testified that defendant possessed the keys to the Audi and that he drove it during the days immediately following the robbery. Defendant was arrested one week after the robbery just as he was about to enter the car, and his fingerprints were found inside both the front and rear interior of the Audi. The accomplice's testimony, which was corroborated by the other evidence, sufficiently established every essential element of the crime of robbery in the third degree of which defendant was convicted with respect to the first incident. *(People v Bleakley,* 69 NY2d 490, 495.) Moreover, defendant's argument is primarily based upon issues of credibility, the determination of which falls within the province of the jury. *(People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932.)

With respect to the second robbery, we conclude that, upon viewing the evidence in a light most favorable to the People and giving it the benefit of every reasonable inference to be drawn therefrom, there were sufficient facts from which the inference of defendant's guilt could be drawn which are inconsistent with defendant's innocence and which exclude to a moral certainty every other reasonable hypothesis. *(People v Marin,* 65 NY2d 741, 742.) Defendant was seen with Tisdale, a participant in the second robbery, just before and shortly after its commission; he had attempted to recruit Tisdale to participate in the first robbery; he displayed intimate knowledge of the manner in which the second robbery was committed; he was seen with the proceeds of the robbery and attempted to conceal his possession thereof; and he gave inconsistent exculpatory statements as to his participation in the crime, establishing consciousness of guilt. Although the last element is generally considered weak proof of the commission of the crime *(People v Marin, supra,* at 746), when taken together with the other circumstances, it supports the view that the prosecution met its burden. *(Supra; see also, People v Way,* 59 NY2d 361, 365; *People v Benzinger,* 36 NY2d 29, 33.)

Further, contrary to the defendant's arguments, we find no error in connection with either the prosecutor's opening comments, the admission into evidence of photographs of the victim's dead body or the prosecutor's redirect examination of one of the People's witnesses. With respect to the prosecutor's opening, there was neither bad faith nor undue prejudice as a

result *(People v De Tore,* 34 NY2d 199, 207). Moreover, the complained-of remark was cured by the court's instructions. The admission into evidence of photographs of the homicide victim was not an abuse of discretion under the circumstances of this case. *(People v Pobliner,* 32 NY2d 356, 369.) Defendant's claim that the prosecutor ignored an admonition to restrain certain questioning on redirect is without factual support in the record. Additionally, the *Sandoval* court committed no abuse of discretion in rendering a compromise ruling pursuant to *People v Sandoval* (34 NY2d 371).

Finally, the court committed no abuse in imposing defendant's sentences, arising out of the various crimes of which he was convicted, to run consecutively to a sentence on an unrelated matter. That result was required pursuant to Penal Law § 70.25 (2-a). Also, defendant received the minimum permissible sentence for his conviction of second degree murder. Concur—Kupferman, J. P., Carro, Rosenberger, Ellerin and Rubin, JJ.