■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY OWENS, Appellant.—Judgment of the Supreme Court, New York County (Stephen G. Crane, J.), rendered December 19, 1988, convicting defendant, after a nonjury trial, of robbery in the second degree and sentencing him, as a violent predicate felon, to an indeterminate term of imprisonment of 4 to 8 years' incarceration, unanimously affirmed.

On Christmas morning, the complainant, an admitted drug abuser, was carrying gifts for his family, when he was set upon by defendant, whom the complainant had known for some time. The defendant demanded money and grabbed the complainant's shopping bag. At this point, an unapprehended coperpetrator joined in, knocking the complainant to the ground. The complainant's packages and $7 were taken.

An hour later, the complainant saw defendant and unsuccessfully demanded return of his property. Not until six hours later did the victim call the police. The responding officer testified that although the complainant was somewhat hard to understand and appeared to be mentally slow, the complainant led the officer to defendant's apartment. When defendant responded to a knock, defendant stated "why me, don't do this to me, I have the stuff inside."

Defendant testified in his own behalf, claiming that he had purchased crack from the complainant which turned out to be of bad quality, and that he had complained, leading to a physical struggle. A third person named "Mike" joined in the altercation also complaining about drug purchases from the complainant. Defendant contended that Mike had taken the victim's shopping bag, ostensibly for reimbursement; defendant took no property from the complainant.

Viewing the evidence in a light most favorable to the People *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), there clearly is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached" by the trier of fact *(People v Bleakley,* 69 NY2d 490, 495). While we note that the victim's testimony was not entirely consistent, we adhere to the well-settled proposition that the trier of facts is in the best position to determine credibility. *(People v Cesar,* 111 AD2d 707, 710.) The complainant's use of narcotics and his mental capacity were for the trial court to consider in determining credibility; we do not find that the

judgment was against the weight of the evidence. Concur—Kupferman, J. P., Sullivan, Milonas, Asch and Kassal, JJ.