■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFTON SEGER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of criminally negligent homicide, leaving the scene of a fatal accident, reckless driving and speeding. The convictions stem from defendant's operation of a vehicle that struck and killed James Riley, a bicyclist, on Lockport Road shortly after midnight on July 13, 1988. Viewing the evidence in the light most favorable to the People *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we find sufficient proof that, at the time of the event, defendant was engaged in criminally culpable risk-creating conduct that created a substantial and unjustifiable risk of death *(see,* Penal Law § 15.05 [4]). The trial testimony established that defendant had been driving at an excessive rate of speed, that he swerved in and out of the driving lane and that he failed to observe the bicyclist, who was lawfully traveling on the shoulder of the road *(cf., People v Boutin,* 75 NY2d 692).

The trial court erred, however, by permitting the People to present, on their direct case, evidence of the defendant's consumption of alcoholic beverages in the months preceding the date of the alleged crimes. This evidence was wholly irrelevant and inadmissible. Even assuming, arguendo, that defendant had testified that he had not consumed any alcoholic beverages for four years, testimony of other witnesses concerning his prior consumption would have been inadmissible (Richardson, Evidence § 491 [Prince 10th ed]). The error is, however, susceptible to harmless error analysis. There is overwhelming proof of guilt, and we find no significant probability that the jury would have acquitted defendant had it not been for the error *(People v Crimmins,* 36 NY2d 230).

We have considered the other issues raised by defendant and find them to be without merit. (Appeal from judgment of Niagara County Court, DiFlorio, J.—criminally negligent homicide.) Present—Dillon, P. J., Callahan, Doerr, Green and Lawton, JJ.