■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE BUSH, Appellant.—Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered June 27, 1989, convicting defendant, after a jury trial, of three counts of robbery in the second degree, and sentencing him to concurrent indeterminate terms of imprisonment of from two to six years, unanimously affirmed.

At 5:00 A.M. on August 8, 1987, complainants were attacked and robbed by a group of men. During the robbery, one of the complainants was punched and scratched, suffering physical injuries. The robbery was observed by two plainclothes police officers who apprehended defendant and the co-defendant within minutes of the robbery, and recovered a piece of jewelry belonging to one of the complainants from the co-defendant. The complainants identified defendant and co-defendant at the time of arrest and at trial.

Defendant now contends that his guilt was not proven beyond a reasonable doubt because, at the time of his arrest, he was wearing clothing different from that worn by the

assailant described by the victims. Defendant also contends that he was not in possession of any identifiable proceeds from the robbery as the police recovered only one twenty dollar bill and one ten dollar bill from defendant.

In reviewing a challenge to the sufficiency of the proof, the evidence must be viewed in the light most favorable to the People. *(People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932.)* Defendant was identified as one of the robbers by both the complainant and the police. The witnesses had sufficient opportunity to observe defendant under good lighting conditions. A reasonable juror could have concluded that, under the circumstances, the complainant had confused the clothing worn by defendant with that worn by co-defendant. Nor was the failure to recover identifiable proceeds sufficient to create a reasonable doubt as to defendant's guilt. It would not be unreasonable to conclude that property was transferred or grabbed by others during the robbery, particularly since the police saw a scuffle among the robbers and defendant and co-defendant appeared to be picking things up. Defendant's guilt was thus proven beyond a reasonable doubt, and the verdict should not be disturbed. Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Kassal, JJ.