■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUGUSTIN CABAN, Appellant.—Judgment, Supreme Court, New York County (Joan Carey, J.), rendered June 30, 1987, convicting defendant after a jury trial of assault in the first degree, criminal use of a firearm in the second degree, and criminal possession of a weapon in the second degree, for which he was sentenced to concurrent terms of imprisonment of from 3 to 9 years, unanimously affirmed.

The complainant testified that after purchasing crack of poor value from an unidentified seller, he was directed by the seller to defendant to register a complaint. When the complainant went to complain, defendant shot him in the stomach twice. The complainant testified that he knew defendant from having sold drugs for him three years previously. Defendant, testifying on his own behalf, sought to establish that during the subject period of time, he was out of the country visiting Puerto Rico and the Dominican Republic, and on the date of the crime, had been examining a prospective purchase of property in the Dominican Republic. The People's rebuttal evidence consisted of a Dominican customs officer, whose testimony sought to establish that immigration stamps in defendant's passport were forgeries, and that defendant had never been issued the mandatory tourist card.

Viewing the evidence in a light most favorable to the People, and giving due deference to the jury's findings of credibility (People v Malizia, 62 NY2d 755, cert denied 469 US 932), defendant's guilt was proved beyond a reasonable doubt. The evidence was legally sufficient, and the verdict was not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490). For the most part, evidence of defendant's uncharged crimes did not elicit appropriate objection from trial counsel, and the claims are waived for review. Nor is there a reason to review in the interest of justice. Defendant placed identification squarely in issue. Evidence of a prior relationship between defendant and the complainant was probative of identity. (See, People v Robinson, 68 NY2d 541.) The probative value of this evidence outweighed the potential for undue prejudice (People v Alvino, 71 NY2d 233). Similarly, evidence of contraband recovered from the subject apartment was relevant evidence which explained the altercation between the complainant and defendant. It also was relevant to establish defendant's connection with this apartment, which at trial he

denied. The complainant had testified that the shooting occurred outside of the apartment, and defendant, while being processed, had stated that this apartment was his residence. Finally, defendant's challenges to the prosecutor's summation statements were either unpreserved *(People v Tardbania,* 72 NY2d 852), or to the extent they were preserved, were meritless. Concur—Sullivan, J. P., Rosenberger, Kupferman, Smith and Rubin, JJ.