■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BAC TRAN, Appellant.—Judgment, Supreme Court, New York County (Alfred Kleiman, J.), rendered February 26, 1991, convicting defendant, after a jury trial, of two counts of bribery in the third degree, and sentencing him to a fine of $3,000 and concurrent terms of 60 days' imprisonment and four years, ten months' probation, unanimously affirmed.

Viewing the evidence in a light most favorable to the People (People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932), defendant's guilt was proved beyond a reasonable doubt on the basis of legally sufficient evidence. At the least, on two occasions defendant conferred a benefit upon public servants upon an understanding that their conduct would be influenced (Penal Law § 200.00). While the agreements or understandings may not have been set forth in detail, the evidence permitted the conclusion that defendant's conscious objective was to influence the conduct of the officials with money, which on both occasions was delivered. And, although defendant was connected to the second bribery circumstantially, the evidence viewed in a light most favorable to the People, excludes to a moral certainty every conclusion other than guilt (People v Kennedy, 47 NY2d 196, 202). There is no merit to defendant's argument that corroboration of the investigator's testimony concerning the statements made by his accomplice was required by CPL 60.22 (1). Since defendant's accomplice did not testify, there was no accomplice testimony to be corroborated, and CPL 60.22 (1) is inapplicable. The investigator's testimony referring to the accomplice's statements was hearsay, but was admissible under the co-conspirator exception to the hearsay rule since the evidence established a prima facie case of conspiracy independent of the statements (People v Salko, 47 NY2d 230, 237-238). We have examined defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Smith, JJ.