■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CONNERY, Appellant.—Judgment, Supreme Court, New York County (Rose L. Rubin, J.), rendered November 13, 1989, convicting defendant, after jury trial, of robbery in the second degree, and sentencing him, as a second felony offender, to a term of imprisonment of 4 to 8 years, unanimously affirmed.

Evidence at trial was that in the early morning hours of April 30, 1988, defendant approached the complainant on the street and lured him to a stairwell area just off the sidewalk by offering a watch for sale. Co-defendant, waiting at the top of the stairwell, grabbed the complainant and threw him to the ground. The robbers took some cash from the complainant's pants pocket and then chased him down the street in an attempt to take the balance of his cash. They abandoned the endeavor and ran off only when someone from a nearby building called out that the police were on their way to the scene.

Although the complainant admitted to having had a number of alcoholic drinks during the 7-½ hour period preceding the robbery, he also had a full dinner and coffee, and his identification testimony was unequivocal. A police officer who had arrived at the scene within minutes of the robbery corroborated the complainant's testimony that he was not intoxicated at the time of the robbery.

Viewing this evidence in the light most favorable to the People and giving them the benefit of every reasonable inference (People v Malizia, 62 NY2d 755, cert denied 469 US 932), the jury's determination of defendant's guilt beyond a reasonable doubt was amply supported (People v Bleakley, 69 NY2d 490). Any competing inferences that might have been suggested by testimony concerning relatively minor details of the robbery were appropriately resolved by the jury (see, e.g., People v Barnes, 50 NY2d 375).

Defendant failed to object to any comments in the prosecutor's summation which he now claims were improper, and thus failed to preserve those issues for appellate review as a

matter of law (CPL 470.05). In the event we were to consider his claim in the interest of justice, we would find it to be without merit. Concur—Murphy, P. J., Sullivan, Ellerin, Kupferman and Kassal, JJ.