■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENE MERCADO, Appellant.—Judgment, Supreme Court, Bronx County (George D. Covington, J.), rendered September 6, 1990, convicting defendant, after a jury trial, of grand larceny in the fourth degree, assault in the second degree, criminal

possession of a weapon in the fourth degree, and criminal possession of stolen property in the fifth degree, and sentencing him to consecutive terms of imprisonment of 1⅓ to 4 years for the larceny conviction and 2⅓ to 7 years for the assault conviction; and to terms of imprisonment of 1 year for the weapon possession conviction and 6 months for the stolen property possession conviction, to be served concurrently with the assault conviction herein, unanimously modified, on the law, to vacate the conviction for grand larceny in the fourth degree and the sentence thereon, and to dismiss that count of the indictment against defendant, and otherwise affirmed.

Defendant's conviction arises out of his arrest on charges of acting in concert with codefendant Miguel Perez in the theft of personal property from the complainant's apartment on August 18, 1988, and in a subsequent assault and related crimes against the complainant on August 21, 1988.

Viewing the evidence in the light most favorable to the People, and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), no reasonable view of the evidence supports defendant's conviction of the crime of grand larceny in the fourth degree in connection with the August 18, 1988 incident which was predicated on an acting in concert theory *(see, People v Bleakley,* 69 NY2d 490). The only evidence that remotely could be construed as linking defendant to the August 18, 1988 incident is that defendant was recognized by the complainant as a member of a group of people standing with codefendant Perez in the vicinity of the complainant's apartment building. However, without any evidence that defendant in any way participated in codefendant Perez's alleged proposal to the complainant, three days after his property was taken, that Perez had the property and would return it in exchange for $300, it is unreasonable to infer defendant's participation in that theft, or a larcenous intent by defendant to aid codefendant Perez in depriving the complainant of his property *(see,* Penal Law § 155.00 [3], [4]; § 155.05 [1]).

We have considered defendant's additional claims and find them to be without merit. Concur—Murphy, P. J., Carro, Wallach, Ross and Rubin.