■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER QUESADA, Appellant.—Judgment, Supreme Court, New York County (Harold J. Rothwax, J.), rendered May 29, 1991, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of imprisonment of 5 to 10 years, unanimously affirmed.

Evidence at trial was that defendant escorted an undercover police officer to a known drug dealer, for the purpose of a cocaine purchase. The actual transaction took place in an apartment which defendant entered with a key. Defendant was present during the exchange, following which he escorted the officer outside and offered to arrange future drug transactions.

Viewing the evidence in the light most favorable to the People, and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the jury's determination of defendant's guilt beyond a reasonable doubt of criminal sale of a controlled substance in the third degree, on an acting in concert theory, is amply supported *(see, People v Bleakley,* 69 NY2d 490). Any issue regarding the accuracy of the undercover officer's identification of defendant that may have arisen because of some confusion as to the color of defendant's eyes was properly placed before the jury for resolution. Its determination, particularly in light of the evidence that the encounter between defendant and the undercover officer spanned a period of approximately 10 minutes, is not unreasonable in the circumstances, and will not be disturbed by this court *(see, e.g., People v Rivera,* 121 AD2d 166, *affd* 68 NY2d 786).

Although defendant's testimony that his employer had written a letter certifying that defendant was working on the day in question was not stricken from the record, the court admonished defense counsel, out of the jury's presence, for improperly eliciting hearsay and precluded any further men-

tion of such letter. In this regard, the court properly responded to the jury's questions, in the context of the hearsay rule, that although they might consider defendant's own testimony that he was, indeed, working on the day in question, they could not consider the letter itself because it had not been admitted into evidence and, as the alleged writer did not testify, allegations as to the writer's statements constituted hearsay. In thus instructing the jury, the trial court appropriately fulfilled its obligations.

We have considered defendant's additional arguments and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Ellerin, Ross and Rubin, JJ.