■ The People of the State of New York, Respondent, v Frantz Pierre, Appellant.—Judgment, Supreme Court, Bronx County (Antonio Brandveen, J.), rendered April 25, 1990, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and sentencing him, as a second felony offender, to a term of imprisonment of from 6 to 12 years, unanimously affirmed.

Evidence at the pretrial suppression hearing was that police officers on patrol in a marked police van observed defendant, previously known to one of the officers, in possession of a brown paper bag in a known drug location. When defendant saw the approaching van, made eye contact with the officers, and turned to walk away from the van, the officers followed in the van, making no attempt to stop defendant, but merely observing. However, when defendant began to run while shredding the paper bag, spilling a trail of white substance on the ground and tossing away a plastic bag also containing a white substance, the officers were justified in pursuing and arresting him (see, People v De Bour, 40 NY2d 210).

Evidence at trial was essentially the same as at the suppression hearing, with expert testimony that the retrieved substances were determined to be cocaine in excess of three-quarters of an ounce. Viewing this evidence in the light most favorable to the People and giving them the benefit of every reasonable inference (People v Malizia, 62 NY2d 755, cert denied 469 US 932), the jury's determination of defendant's guilt beyond a reasonable doubt of criminal possession of a controlled substance in the third degree is amply supported (see, People v Bleakley, 69 NY2d 490).

Police testimony at trial, that one of the officers recognized defendant from his foot post, was initially elicited by defense counsel during cross-examination. Thus, having opened the door to the issue, and having failed to object to the prose-

cutor's direct questioning thereon, defendant has failed to preserve a claim of error for appellate review as a matter of law (CPL 470.05). Were we to review in the interest of justice, we would find the claim to be without merit.

We have reviewed defendant's remaining claims and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Wallach and Rubin, JJ.