■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ROBERT FERRER, Appellant.—Judgment, Supreme Court, Bronx County (Robert T. Cohen, J.), rendered November 8, 1990, convicting defendant, after jury trial, of robbery in the first degree (two counts) and criminal possession of a weapon in the second degree, and sentencing him, as a predicate felony offender, to concurrent terms of imprisonment of 9 to 18 years, 6 to 12 years, and 6 to 12 years, respectively, unanimously affirmed.

Evidence at trial was that a Bronx storekeeper was robbed of $600 by two armed Hispanic men. One robber was described as tall, of medium build and dark-skinned, and the other was described as approximately 5 feet, 7 inches, of medium build and light-skinned. An off-duty police officer who was in the store at the time of the robbery was stripped of his jewelry and shot in the arm by the shorter, light-skinned man. That officer, who had observed defendant at close range inside the well-lighted store for approximately ten minutes, identified defendant, both through a photo array shown to him after he was brought to the hospital, and at trial, as the shooter. As a result of the shooting the officer underwent two surgical procedures, and it was stipulated that he had suffered serious injury.

Additionally, a witness who acknowledged a history of drug use and sale, testified for the People, without promise of benefit, that he had been standing just outside the store at the time of the robbery. He saw the two men run into the store, and when they ran back out a short time later, the witness observed defendant (known to him from the neighborhood) attempting to conceal a handgun and cash on his person. The witness admitted that a posted reward in connection with the shooting contributed to his decision to tell the police about his observations and assist in defendant's arrest (although no reward was paid in this case).

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the jury's determination of defendant's guilt beyond a reasonable doubt of the robbery and gun possession charges is amply supported *(see, People v Bleakley,* 69 NY2d 490). Any credibility issue that may have arisen by reason of an investigating officer's initial report indicating that it was the taller robber who was light-skinned, rather than the shorter man later identified as defendant by two witnesses, was explained as a clerical error and properly placed before the jury for resolution. Its determination, not unreasonable in the circum-

stances, will not be disturbed by this court *(see, e.g., People v Rivera,* 121 AD2d 166, *affd* 68 NY2d 786). Concur—Sullivan, J. P., Carro, Wallach and Smith, JJ.