■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK BLAND, Appellant.—Judgment, Supreme Court, New York County (Emily Jane Goodman, J.), rendered March 13, 1991, convicting defendant, after a bench trial, of criminal sale of a controlled substance in the third degree and sentencing him to a term of 6 to 12 years, unanimously affirmed.

The undercover officer testified that the defendant gave him

three vials of crack in exchange for $15, which was handed to another person. The undercover officer radioed the backup team and described the defendant as wearing a black baseball cap, black windbreaker, blue jeans and having very irregular teeth.

At the bench trial, the defendant admitted being present when the drug sale took place but denied selling the drugs to the undercover officer. Defense counsel asserted that the failure of the undercover officer to mention the disfigurement of the defendant's right hand, a disfigurement displayed to the trier of fact, rendered the evidence insufficient to prove that he had sold the three vials of crack to the undercover officer. The Judge found the officer's testimony credible.

Viewing the evidence in a light most favorable to the prosecution and giving it the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we find that the evidence was sufficient as a matter of law to support the verdict finding defendant guilty beyond a reasonable doubt of criminal sale of a controlled substance in the third degree. Moreover, upon an independent review of the facts, we find that the verdict was not against the weight of the evidence *(People v Bleakley,* 69 NY2d 490). The issues raised by the defendant were properly placed before the trier of fact and, after considering the testimony and the competing inferences that could be drawn therefrom, we find no reason on the record before us to disturb the court's finding. Concur —Sullivan, J. P., Carro, Rosenberger and Rubin, JJ.