■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE McDOWELL, Appellant.—Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered January 19, 1990, convicting defendant, after a jury trial, of robbery in the second degree and grand larceny in the fourth degree, and sentencing him, as a second felony offender, to concurrent prison terms of 3 to 6 years, and 1½ to 3 years, respectively, unanimously affirmed.

Viewing the evidence in the light most favorable to the prosecution and giving it the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932),* we find that the evidence was sufficient as a matter of law to support a finding, beyond a reasonable doubt, that defendant shared with his cohorts an intent to steal property from the victim as well as the intent to assault him. Nor is the verdict against the weight of the evidence, which consisted primarily of the victim's testimony that defendant hit him with a crutch while another member of defendant's group took his wallet and that defendant struck him again when he tried to retrieve his wallet.

Defendant's argument that he was deprived of a fair trial by a comment by the prosecutor during summation that shifted the burden of proof is unpreserved for review as a matter of law (CPL 470.05 [2]), and we decline to review it. If we were to review the issue in the interest of justice, we would find that any prejudice was avoided by trial court's prompt curative instruction, given *sua sponte* and without objection, reminding the jury that the burden of proof never shifts from the People. Concur—Murphy, P. J., Carro, Rosenberger, Asch and Kassal, JJ.