■ In the Matter of MIKAL M., a Person Alleged to be a Juvenile Delinquent, Appellant. [595 NYS2d 209] —Orders of disposition, Family Court, New York County (Leah Ruth Marks, J.; Judith Sheindlin, J.), both entered March 20, 1992, adjudicating appellant a juvenile delinquent upon separate findings

that he committed acts which, if committed by an adult, would constitute the crimes of attempted robbery in the third degree, attempted grand larceny in the fourth degree, and attempted assault in the third degree, and that he committed acts which, if committed by an adult, would constitute the crimes of attempted robbery in the first degree and attempted robbery in the second degree, and each placing him with the Division for Youth, Title III, for 18 months, unanimously affirmed, without costs.

The incidents underlying these proceedings occurred on the same night and involved appellant's alleged attempts to rob a woman in a subway station and a man on a subway train.

Viewing the evidence in the light most favorable to the presentment agency and giving it the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the evidence is sufficient as a matter of law to prove that appellant attempted to rob the woman in the subway station. Prior to the incident, the complainant had several opportunities to observe appellant, first at close range when he asked her for directions, then moments later when he was playing on the subway tracks, and again when he and his companions were singing and dancing. During the incident, the complainant viewed appellant face-to-face under a fluorescent light when he demanded money from her while holding a blade-like object. And, after the incident, minutes before appellant was arrested, the complainant observed him for approximately five minutes when he and his companions walked toward the front of the subway. Any questions with respect to the discrepancies between the complainant's identification testimony and the statement she made to the police merely presented an issue of fact for the court to assess in determining her credibility *(Matter of Michael N.,* 181 AD2d 531).

Nor was appellant entitled to a missing witness inference because the presentment agency did not call the man he allegedly attempted to rob on the subway train. Evidence offered by the presentment agency showing that the man was homeless and that efforts to contact him by telephone were unsuccessful demonstrated his unavailability as a witness *(see, People v Gonzalez,* 68 NY2d 424, 428). Concur—Murphy, P. J., Milonas, Ross and Asch, JJ.