■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN MALDONADO, Appellant. [596 NYS2d 64] —Judgment, Supreme Court, New York County (Donald Mark, J.), rendered July 15, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree,

and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Viewing the evidence in a light most favorable to the prosecution and giving it the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we find that the evidence was sufficient as a matter of law to support the verdict finding defendant guilty beyond a reasonable doubt of criminal sale of a controlled substance in the third degree. Moreover, upon an independent review of the facts, we find that the verdict was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490). The issues raised by defendant concerning the credibility of the undercover officer, including those arising from inconsistencies in his testimony in proceedings spanning two years and the fact that neither drugs nor prerecorded buy money were recovered, were properly placed before the jury, and we find no reason on the record before us to disturb its determination *(see, People v Delgado,* 178 AD2d 275, *affd* 80 NY2d 780).

Defendant's claim that he was deprived of a fair trial because the arresting officer implicitly bolstered the under-cover officer's identification testimony is unpreserved, and in any event, is without merit. Concur—Murphy, P. J., Ellerin, Wallach and Asch, JJ.