■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY TOM, Appellant. [598 NYS2d 453] —Motion granted to the extent of recalling and vacating the unpublished decision and order entered on February 25, 1993 and substituting in its place, a new decision and order, decided simultaneously herewith:

Judgment of the Supreme Court, New York County (Alvin Schlesinger, J.), rendered on January 8, 1985, convicting defendant, after a jury trial, of criminal possession of a

controlled substance in the first degree and sentencing him to an indeterminate prison term of from fifteen years to life is unanimously affirmed.

Judgment of the Supreme Court, New York County (Clifford Scott, J.), rendered on December 3, 1985, convicting defendant, after a jury trial, of conspiracy in the second degree and criminal sale of a controlled substance in the first degree and sentencing him to indeterminate prison terms of from eight and a third to twenty-five years for second degree conspiracy, and twenty-five years to life for first degree criminal sale of a controlled substance, to run concurrently with each other and with the sentence imposed on January 8, 1985, is unanimously affirmed. Defendant is currently incarcerated pursuant to those judgments.

Viewing the evidence in a light most favorable to the prosecution, and giving it the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we find that the evidence was sufficient as a matter of law to support the verdict finding the defendant guilty beyond a reasonable doubt of participation in a conspiracy that resulted in the sale of a half kilogram of heroin to an undercover officer in August of 1982, and an abortive second transaction a month later, and to support the earlier verdict finding appellant guilty of criminal possession of a controlled substance in the first degree. Further, upon an independent review of the facts, we find that the verdicts were not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490). The issues raised by defendant concerning the credibility of prosecution witnesses, including those that arose from testimony concerning identification of defendant as a participant, were properly placed before the jury and, after considering the relative force of the conflicting testimony and the competing inferences which may be drawn therefrom, we find no reason on the record before us to disturb its determination.

We have considered the defendant's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Carro, Ellerin and Ross, JJ.