■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAVERNE MCWHITE, Appellant. [603 NYS2d 855] —Judgment, Supreme Court, Bronx County (Ivan Warner, J.), rendered January 12, 1989, convicting defendant, after jury trial, of reckless endangerment in the first degree, and sentencing him to a three-year conditional discharge, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), defendant's guilt of the crime charged was proven beyond a

reasonable doubt *(People v Bleakley,* 69 NY2d 490, 495). The record indicates that there were at least three people in the restaurant when defendant drew and fired his gun at the unarmed complainant. Additionally, there were no significant discrepancies in the testimony of the complainant, and the testimony that the complainant had filed a civil law suit in this matter does not render his testimony incredible as a matter of law. Rather, the jury's findings regarding credibility, not unreasonable, will not be disturbed by this Court *(People v Fonte,* 159 AD2d 346, *lv denied* 76 NY2d 734).

In view of the fact that the only count submitted to the jury under this one-count indictment was reckless endangerment in the first degree, it is highly unlikely that the trial court's justification charge prompted the jury to speculate that defendant was indicted and tried for assaulting the complainant. Rather, the trial court's jury charge on justification was most beneficial to defendant, as there was some testimony by defendant that he believed it was necessary for him to use deadly physical force to defend himself against the imminent use of deadly physical force by the complainant, and thus that he was justified in drawing his gun in the restaurant premises *(see, People v Johnson,* 196 AD2d 470). Concur—Carro, J. P., Rosenberger, Ellerin and Asch, JJ.