■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GORDON, Appellant. [611 NYS2d 156] —Judgment, Supreme Court, New York County (Antonio Brandveen, J.), rendered May 20, 1992, convicting defendant, after jury trial, of two counts of petit larceny, and sentencing him to concurrent prison terms of 1 year, unanimously affirmed.

Viewing the evidence in a light most favorable to the prosecution and giving it the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we find that the evidence was sufficient as a matter of law to support the verdict finding defendant guilty beyond a reasonable doubt of petit larceny. Moreover, upon an independent review of the facts, we find that the verdict was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490). The issues raised by defendant concerning the credibility of prosecution witnesses, including those that arose from the complainant's testimony concerning the circumstances and reporting of the theft and the expert's testimony concerning the value of the stolen property, were properly placed before the jury and, after considering the relative force of the conflicting testimony and the competing inferences that may be drawn therefrom, we find no reason to disturb its determination. We note that the conflicting evidence concerning the value of the stolen rings is reflected in defendant's acquittal on the more serious charges and his conviction of petit larceny, which requires no threshold value for the stolen property (Penal Law § 155.25). Defendant's claim that it was improper to admit evidence that the complainant did not file an insurance claim because his deductible was much larger than the value of the rings is not preserved for review as a matter of law (CPL 470.05), and in any event without merit, since such evidence was relevant to show that the complainant had no financial motive to lie about the theft *(see, People v*

*Chin,* 67 NY2d 22, 28; *Oltarsh v Aetna Ins. Co.,* 15 NY2d 111, 118). Concur—Rosenberger, J. P., Ellerin, Ross, Nardelli and Williams, JJ.