(June 14, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN HILL, Also Known as KENNETH CARTER, Appellant. [613 NYS2d 173] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered August 26, 1992, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and the fifth degrees, and sentencing him, as a second felony offender, to concurrent terms of 5½ to 11 years and of 3 to 6 years, respectively, to run concurrently to a term of 5½ to 11 years imposed on an

unrelated conviction of criminal possession of a controlled substance in the third degree, unanimously affirmed.

From a distance of 8 to 10 feet, a plainclothes New York City Housing Police officer observed defendant sell a blue-topped vial of crack cocaine. The officer saw defendant take the vial from a bag, which he had hidden in some nearby bushes. Following the sale, the buyer's escape, and the defendant's arrest, the officer recovered from defendant's right pants pocket $54, which consisted of 5 $5 bills and 29 $1 bills, and also recovered from the bushes a bag which contained 19 blue-topped vials of crack cocaine.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we find that the evidence was sufficient as a matter of law to support the verdict. Moreover, upon an independent review of the facts, we find that the verdict was not against the weight of the evidence *(People v Bleakley,* 69 NY2d 490). The issues raised by defendant concerning inconsistencies in the testimony of the police officer, the absence of drugs on defendant's person at the time of arrest, and his testimony denying the sale and possession of the drugs, were all properly placed before the jury, and after considering the relative force of the conflicting testimony and the competing inferences that may be drawn therefrom, we find no reason on the record before us to disturb the jury's determination. Concur—Murphy, P. J., Wallach, Ross, Rubin and Williams, JJ.