◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO RODRIGUEZ, Appellant. [616 NYS2d 940] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered September 17, 1992, convicting defendant, after non-jury trial, of criminal possession of a weapon in the third degree, assault in the third degree, menacing, and harassment, and sentencing him, as a persistent violent felony offender, to concurrent terms of imprisonment of six years to life, one year, six months, and time served, respectively, unanimously affirmed.

Defendant's failure to provide an adequate record in connection with his claim that he was denied his right to a speedy trial precludes review of the claim by this Court *(see, People v Rodriguez,* 187 AD2d 291, 292). Moreover, the available record supports the motion court's denial of defendant's post-conviction speedy trial motion as untimely *(supra).*

Viewing the evidence at trial in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), defendant's guilt of the crimes charged was proven beyond a reasonable doubt *(People v Bleakley,* 69 NY2d 490). The claimed inconsistencies in the testimony of the complainants refer to collateral matters and may properly be attrib-

uted to language difficulties. The trial court's determinations of credibility and fact are supported by the record.

Defendant's offer of proof indicating that a proposed witness could not recall the date of her observations, did not observe the incident in question, and could at best only duplicate previous testimony that defendant and the codefendant were present in the area, was insufficient to warrant reopening of defendant's case (see, People v Arroyo, 77 NY2d 947).

Although defendant concedes that testimony regarding his repeated threats to one of the complainants may constitute "consciousness of guilt" evidence, his argument of undue prejudice neglects the fact that the testimony in question constituted evidence in support of the harassment charge against defendant.

We perceive no basis to modify the sentences imposed. Concur—Sullivan, J. P., Carro, Ellerin, Asch and Tom, JJ.