■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE JIMENEZ, Appellant. [619 NYS2d 15] —Judgment, Supreme Court, New York County (Renee White, J.), rendered September 23, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the People *(People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), defendant's guilt was established beyond a reasonable doubt.

An agency defense charge was not required since there was no reasonable view of the evidence supporting defendant's claim that he acted as a mere instrumentality of the purchaser. Defendant had no prior relationship with the purchaser and defendant took the initiative and made the sale possible *(see, People v Argibay,* 45 NY2d 45, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930).

While the People should have delivered to defendant three reports prepared by the arresting officer, the reports were inadvertently lost. The court's sanction, issuance of an adverse inference charge, was appropriate since there was no prejudice to defendant inasmuch as it was the undercover officer's identification which was central, and not that of the arresting officer *(see, People v Martinez,* 71 NY2d 937, 940). Concur—Ross, J. P., Asch, Rubin, Nardelli and Tom, JJ.