■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK MADDALONI, Appellant. [625 NYS2d 10] —Judgment, Supreme Court, Bronx County (Robert Cohen, J.), rendered March 16, 1993, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a prison term of 25 years to life, and order of the same court and Justice, entered August 23, 1994, which denied defendant's motion pursuant to CPL 440.10 to vacate his conviction, unanimously affirmed.

Here, where the prosecutor immediately advised the court that contrary to his witness's testimony, it was not his recollection that he displayed the murder weapon to that witness prior to trial, there is no merit to defendant's argument that the prosecutor improperly failed to disclose Brady material *(cf., People v Steadman,* 82 NY2d 1). Further, defendant has not preserved his argument that the prosecutor's stipulation with respect to this differing recollection, which was admitted on defendant's direct case, was untimely. Nor is there any merit to defendant's unpreserved argument that prosecutorial misconduct occurred during summation.

The deceased's statement to his wife, made immediately after he received a telephone call from one Badia, an accomplice, two days prior to the murder, that "[Badia] wants me to go to look at a car with him today in City Island," was admissible under the state of mind exception to the hearsay rule involving a deceased victim's declaration of future intent *(People v Malizia,* 92 AD2d 154, *affd* 62 NY2d 755, *cert denied* 469 US 932). Defendant's reliance on *People v Chambers* (125 AD2d 88, *appeal dismissed* 70 NY2d 694) is misplaced, because here, the declarant's statement of his intention, not Badia's, was in issue, and was relevant and trustworthy. Although the statement does not refer to defendant, it was properly admitted against him since the court instructed the jury that it could only consider the statement if it found that defendant acted in concert with Badia and there was, in fact, abundant evidence that defendant acted in concert with Badia.

The court did not abuse its discretion in sentencing defendant to the maximum term for a brutal and inexplicable murder. Concur—Rubin, J. P., Kupferman, Ross, Asch and Tom, JJ.