■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO LOPEZ, Appellant. [626 NYS2d 158] —Judgment, Supreme Court, New York County (Marcy Kahn, J.), rendered March 26, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Viewing the evidence in a light most favorable to the People *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we see no reason to disturb the jury's determination, which was reasonably based on, *inter alia,* the incriminating physical evidence found in defendant's possession at the time of his arrest and the testimony of both the undercover officer who made the drug buy and the arresting officer who located defendant based on the undercover's transmission containing a particularized description of the defendant *(People v Bleakley,* 69 NY2d 490). Defendant's argument that the prosecutor's summation denied him a fair trial is unpreserved *(People v Tardbania,* 72 NY2d 852, 853), and we decline to review it in the interest of justice. Were we to review it, we would find it to be meritless. The prosecutor's reference to the role played by the District Attorney's office, in conjunction with the Police Department and the arresting officer in this case, merely provided the jury with a thorough picture of the history of the case, and was also fair comment in response to the defense's theory that the officers were conforming their testimony in order to sustain the defendant's arrest. Concur—Murphy, P. J., Ellerin, Rubin, Tom and Mazzarelli, JJ.