(April 2, 1996)

■ In the Matter of ANTHONY L., a Person Alleged to be a Juvenile Delinquent, Appellant. [640 NYS2d 70] —Order, Family Court, New York County (Leah Marks, J.), entered June 30, 1995, which adjudicated appellant a juvenile delinquent and placed him with the Division for Youth for a period of 18 months, upon a finding that he had committed an act which, if committed by an adult, would constitute the crimes of criminal possession of a controlled substance in the third and fifth degrees, unanimously modified, on the law and the facts, without costs, to the extent of vacating the court's findings and substituting a finding that appellant committed an act which, if committed by an adult, would constitute the crime of criminal possession of a controlled substance in the seventh degree, and the matter remanded for a dispositional hearing.

Contrary to appellant's argument, the testimony of the arresting officer at the suppression hearing was not incredible as a matter of law. According due deference to the court's credibility determinations, its finding that appellant was lawfully arrested after he was observed in a drug-prone location by a trained police officer in possession of what the officer believed to be cocaine in crack form is supported by the record (*People v Fonte*, 159 AD2d 346, *lv denied* 76 NY2d 734).

Appellant's alternative argument is that the evidence at the fact-finding hearing, when viewed in the light most favorable to the presentment agency, as we are required to do (*Matter of Michael D.*, 109 AD2d 633, 634, *affd* 66 NY2d 843; *People v Malizia*, 62 NY2d 755, *cert denied* 469 US 932), failed to establish beyond a reasonable doubt that he possessed the drugs at issue with the requisite intent to sell. Because direct proof of an individual's intent is typically lacking, this element is generally established circumstantially by evidence of the person's

conduct and/or statements. Here, the proof before the trier of fact established that appellant was arrested in possession of a relatively small amount of crack cocaine (1.1 grains) and $95. It matters not whether the Family Court accepted or rejected the testimony of appellant's mother that she had given him $40 on the day before his arrest toward the purchase of a new pair of sneakers, because even resolving this factual issue in favor of the presentment agency, we find that the amount of cash was neither so large nor in particular denominations that would, standing alone, warrant a conclusion that it was the proceeds of drug sales. Appellant was not observed with any other individuals, let alone engaging in any particularly sales-like behavior such as hawking or exchanging objects packaged like drugs or cash. No stash of other drugs or other cash was recovered. We agree with appellant that the presentment agency failed to carry its burden of proving appellant's intent to sell beyond a reasonable doubt and modify the Family Court's findings accordingly.

In light of the fact that the original disposition was premised on a finding that appellant had committed the equivalent of a Class B felony rather than a Class A misdemeanor, we remand for a new dispositional hearing. Concur—Murphy, P. J. Rosenberger, Rubin, Tom and Mazzarelli, JJ.