■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMON GREEN, Appellant. [655 NYS2d 31] —Judgment, Supreme Court, Bronx County (Elbert Hinkson, J.), rendered April 26, 1993, convicting defendant, after a trial by jury, of murder in

the second degree, and sentencing him to a term of imprisonment of 25 years to life, unanimously affirmed.

Viewing the evidence in the light most favorable to the prosecution and giving it the benefit of every reasonable inference, we find that the testimony of two eyewitnesses to the shooting was sufficient to prove defendant's guilt of the crimes charged beyond a reasonable doubt (*People v Malizia*, 62 NY2d 755, *cert denied* 469 US 932). Moreover, upon our independent review, we find that the verdict was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490).

Furthermore, we find that the trial court's decision to declare a mistrial at defendant's first trial was properly based on its conclusion that the majority of jurors had become "grossly unqualified" (CPL 270.35 [1]; *People v Buford*, 69 NY2d 290) and that, as a result, it was "physically impossible to proceed with the trial in conformity with law" (CPL 280.10 [3]; *Matter of Colcloughley v Johnson*, 115 AD2d 58, 61, *lv denied* 68 NY2d 604).

During the course of the first trial, the honesty of the jurors was called into question by the accusation of one of the jurors who claimed that her diamond ring had disappeared and demanded that all the jurors be strip searched. Ultimately, she focused her accusation on a single juror, at which time the entire jury was called upon to take sides in and participate in the dispute. Clearly, in these unusual circumstances, the trial court was in a unique position to evaluate the jurors' responses to the individual inquiries made by the court and determine the impact of this disturbing event on the jurors' ability to calmly and dispassionately deliberate on the evidence before them and render an impartial verdict. The court's conclusion that such deliberation was no longer possible, and that, as a result, so many of the jurors had become grossly unqualified that it was impossible to proceed with the trial, should not be disturbed. Concur—Ellerin, J. P., Wallach, Nardelli, Tom and Mazzarelli, JJ.