■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN BENJAMIN, Appellant. [596 NYS2d 246] —Judgment unani-

mously affirmed. Memorandum: Defendant contends that his conviction of burglary in the second degree and petit larceny is not supported by legally sufficient evidence. We disagree. Although the evidence was entirely circumstantial, viewing it in the light most favorable to the People *(see, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932; *People v Contes,* 60 NY2d 620, 621; *People v Kennedy,* 47 NY2d 196, 203), and assuming that the fact-finder credited the prosecution witnesses and drew all reasonable inferences in the prosecution's favor, we conclude that the determination of defendant's guilt is consistent with and flows naturally from the proven facts and that the facts viewed as a whole exclude to a moral certainty every reasonable hypothesis other than guilt *(see, People v Betancourt,* 68 NY2d 707, 709-710; *People v Kennedy, supra,* at 202; *People v Howington,* 185 AD2d 654, *lv denied* 80 NY2d 975).

Defendant's conviction of criminal possession of stolen property in the fifth degree was not against the weight of the evidence. In our view, the evidence, including the defendant's conflicting testimony concerning his receipt of the stolen goods, presented an issue of credibility that was reasonably resolved by the trial court and we see no reason to disturb that resolution *(see, People v Bleckley,* 69 NY2d 490, 495; *see also, People v Aliotta,* 176 AD2d 1198).

We do not find the sentence imposed by County Court to be either harsh or excessive. (Appeal from Judgment of Erie County Court, Rogowski, J.—Burglary, 2nd Degree.) Present— Denman, P. J., Green, Balio, Fallon and Boehm, JJ.