■ The People of the State of New York, Respondent, v Walter Rogers, Appellant. [609 NYS2d 204] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J.), rendered March 17, 1992, convicting defendant, after jury trial, of grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to concurrent terms of imprisonment of one and one-half to three years and one year respectively, unanimously affirmed.

Viewing the evidence at trial in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), defendant's guilt of the crimes charged was proven beyond a reasonable doubt *(People v Bleakley,* 69 NY2d 490). We note that the jury was appropriately instructed regarding

circumstantial evidence and mere presence. Thus, the jury's determinations of fact, not unreasonable, will not be disturbed by this Court *(People v Gruttola,* 43 NY2d 116, 122).

Defendant failed to object to the admission of expert testimony regarding the modus operandi of "lush workers", i.e., those who "pick the pockets" of sleeping subway passengers, and thus failed to preserve any claim of error for appellate review (CPL 470.05 [2]). We would note though that there was no need for expert testimony in this relatively simple crime narrative. All that transpired was readily understandable to the lay person without the need of any further explanation. Defendant's role was clearly that of a lookout. Especially mischievous was the "expert's" testimony that "lush workers are known to be very violent." There was not even a hint of violence here. However, since the proof of guilt was overwhelming even without such evidence, we would affirm even were the error preserved. Concur—Sullivan, J. P., Rosenberger, Ross, Rubin and Williams, JJ.